TERRITORY, ETC., Respondents, *v.* McPHERSON ET AL., Appellants.

**1. Parties, Improper — How Raised — Mandamus.**

The objection that the territory is improperly a party plaintiff in a *mandamus* proceeding cannot be raised by demurrer.

**2. Same — Real Party in Interest.**

Under § 696, C. C. Pro., which provides that the writ of *mandamus* "must be issued * * * upon the application of the party beneficially interested," one engaged in the retail liquor business, and having property invested therein, has such interest as makes him a proper party plaintiff in proceedings to compel the county commissioners to fix the license for carrying on that business. The territory in such case is also beneficially interested.

**3. Mandamus — When it Lies.**

Where a board of county commissioners in the discharge of its duties had fixed certain licenses under a wrong statute, *held, mandamus* would lie to compel it to fix them under the right statute.

**4. Statutes — Repeal — Special — General — Construction.**

During the existence of a general statute, § 3, chap. 26, Laws 1879, authorizing boards of county commissioners to fix liquor licenses "at the rate of not less than $200, nor more than $500 per year," a statute was passed incorporating a certain city, which contained a provision in its charter, that the board of county commissioners of the county in which the city was located should not, within the limits of the city, exact a license for that business to "exceed $150 per year." After this, the general statute was amended, chap. 71, Laws 1887, so that the rate was required to be "not less than $500, nor more than $1,000 per annum," and "all acts and parts of acts inconsistent" therewith were repealed. *Held,* that the charter provision was not repealed.

(Argued and determined at the February Term, 1888.)

A PPEAL from the district court, Lawrence county; Hon. CHARLES M. THOMAS, Judge.

This was a *mandamus* proceeding by the territory on the relation of Ben. Baer and Harris Franklin, copartners, as Franklin & Baer, plaintiffs, against D. A. McPherson, S. B. Crist and F. M. Allen, as the board of county commissioners of the county of Lawrence, Dakota Territory, defendants, to compel them, as such board, to fix the amount of the county retail liquor license in the City of Deadwood, Lawrence county. The court below having overruled a demurrer to the alternative writ granted the relief asked. The questions here presented arise on the action of

the court in overruling this demurrer. From the alternative writ it appeared that the relators were, July 7, 1887, electors and tax payers of the city of Deadwood, county of Lawrence, Territory of Dakota, and had been in the business of retail liquor dealers there for three years, during which time, being considered by the board of county commissioners of said county proper persons to engage in the said business, they had been licensed to carry on the same; that they had a place for such business in said city and a large stock in trade; that the business was profitable to them; that they desired to continue the same, and desired and intended to apply to said board for a license for said business from July 1, 1887, to January 1, 1888, according to the practice, and were ready and willing to pay therefor such legal license fee as may be fixed by said board, not to exceed $150 per annum; that from the organization of said city until the term commencing January 1, 1886, said board had fixed the license in said county, not included in said city, at $250 per annum, and in the city at $125 per annum, while the city also charged a license of $125 per annum; that since the 1st of January, 1886, the said board had fixed the said license outside of said city at $200 per annum, and in the city at $150 per annum, while the city had charged $100 per annum; that on the 21st day of June, 1887, said board fixed said license in Lawrence county generally, from and after the 1st day of July, 1887, at the rate of $500 per annum, and refused to fix the license to be paid said county within the limits of the City of Deadwood at a sum not exceeding $150 per annum, though requested so to do by the relators.

At the return time the defendants demurred to the writ on the following grounds: 1. The territory is not the real party in interest. 2. That the relators have no such beneficial interest as entitles them to maintain this proceeding. 3. The act sought to be compelled is not one compellable by this proceeding. 4. That by law the lowest license that could be fixed by defendants is $500. The court overruled the demurrer, and the defendants having elected to stand on it, final judgment was entered directing them to fix the license in the city at an amount not exceeding $150 per annum, whereupon they appealed to this court.

The general statutes involved will be found stated in the head-

notes. The special provision in the charter of Deadwood (§ 89), passed February 22, 1881, was as follows: " That the license imposed by the county commissioners of Lawrence County on any person or firm for the sale of intoxicating liquors within the limits of said City of Deadwood shall not exceed one hundred and fifty dollars per annum."

*W. L. McLaughlin ( W. E. Church* of counsel), for appellants.

The territory was an improper party. Chap. 43, L. 1883, p. 63; People v. Pacheco, 29 Cal. 210; People v. County, 40 id. 480. *Mandamus* is similar to an action at law. High, §§ 4, 8; Com. v. Dennison, 24 How. 66; Gilman v. Bassett, 33 Conn. 298; McBane v. People, 50 Ill. 503.

The right to the writ was not complete, but inchoate and uncertain. High, § 10; People v. Brooklyn, 1 Wend. 318. There was no individual duty due relators specially enjoined by law. §§ 695, 696, C. C. Pro.; County v. Keller, 85 Ill. 396; High, § 10. The right was not clear and undoubted. Moses, p. 17; High, § 9; People v. Forquer, Breese, 114; People v. Hatch, 33 Ill. 140; People v. Village, 93 id. 186.

The charter provision was repealed by chap. 71, L. 1887. Pierrepont v. Church, 10 Cal. 315; People v. Burt, 43 id. 561; People v. Sargent, 44 id. 43; Kellogg v. City, 14 Wis. 678; State v. Severance, 55 Mo. 378; State v. Miller, 1 Vroom, 368; People v. Morris, 13 Wend. 325; Sloan v. State, 8 Blatchf. 361.

*McLaughlin & Steele,* for respondents.

The question of parties cannot be taken by demurrer. Phœnix Bank v. Donnell, 4 N. Y. 412; Bank v. Magee, 20 id. 362; Barclay v. Quicksilver M. Co., 6 Lans. 30. The forms abolished by § 33, C. C. Pro., are those in actions at law and suits in equity; *mandamus* is neither. Chinn v. Trustees, 32 Ohio St. 237. That it was proper to use the name of the territory, see State v. Commissioners, 5 Ohio St. 502; State v. Brown, 38 id. 344; Chance v. Temple, 1 Ia. 79.

When the board acted on the question of license it was required to act as to the whole county. Board v. McComb, 92 U. S. 541. *Mandamus* was the proper remedy. Mayor v. Furze, 3 Hill,

614; Napa V. R. R. Co. v. Napa County, 30 Cal. 437; Thomas v. Armstrong, 7 id. 287; Humbolt v. Churchill, 6 Nev. 30; People v. Supervisors, 28 Cal. 431; State v. Reynolds, 25 N. W. Rep. 611; Warner v. Village, 28 id. 844. Respondents could maintain this proceeding from their interest as electors and tax payers, but here from their business they had a special interest. Hall v. Union P. R. R. Co., 3 Dill. 523; Union P. R. R. Co. v. Hall, 91 U. S. 355, 428; People v. Collins, 19 Wend. 65; Humphrey v. Mayor, 28 Am. Rep. 446; State v. Mastley, 24 N. W. Rep. 201; People v. Auditor, 42 Mich. 428; State v. Commissioners, 5 Ohio St. 496; People v. Supervisors, 56 N. Y. 252.

The general statute is controlled by the special one, the charter. Potter Dwarris, 131; People v. Wells, 11 Cal. 339; Fox v. Rockford, 38 Ill. 451; Western Bank v. Tallman, 17 Wis. 532; U. S. v. Tynen, 11 Wall. 93; Henderson's Tobacco, id. 657. There is no conflict; they can be construed together. Stoll v. State, 17 Wall. 436. There was no conflict before the amendment; after it the effect was the same as if the original statute had passed fixing the rates as at present, and the original law and its rates never had any application to the city. There is no inconsistency between the two acts. Dill. Mun. Corp., § 87; Fosdick v. Perrysburg, 14 Ohio St. 486; Janesville v. Markoe, 18 Wis. 350; State v. Stevenson, 44 N. J. L. 371; Conners v. Carp. R. I. Co., 54 Mich. 171; State v. Stoll, *supra;* Schwencke v. Union D. & R. R. Co., 7 Colo. 514; Whipple v. Christian, 80 N. Y. 525; Third National Bank v. Harrison, 8 Fed.Rep. 722; Cole v. Supervisors, 12 Ia. 552; Wood v. Commissioners, 58 Cal. 563; Albertson v. State, 2 N. W. Rep. 748; Brown v. County, 21 Pa. St. 43; Ottawa v. County, 12 Ill. 339; Townsend v. Little, 109 U. S. 512.

By the COURT:

The judgment in this case is affirmed.

1. The objection that the territory was improperly joined as a party should have been taken by answer. The public and the relator, however, in this case seem both to be beneficially interested, and the relator is a proper party plaintiff.

2. The county board having undertaken to act could be compelled to complete its action by fixing the license in the City of Deadwood not to exceed the amount provided by the charter.

3. The general act, chap. 71, L. 1887, fixing the maximum and minimum rates of county licenses, did not repeal the provision of the city charter fixing the license therein not to exceed $150. All of the justices concur.