STATE *ex rel.* POWER *et al. v.* POWER *et al.*

1. When a city incorporated under a special charter becomes "organized under the general act providing for the incorporation of cities," by a majority vote of its electors, it is thereafter governed by the provis-

ions of the general school law of 1891, and any special act providing for a board of education in such city thereafter ceases to be in force in such city.

2. The provisions of the general school law of 1891 are in force (1) in all cities then organized under general laws at the date of the passage of said general school law; (2) in all cities thereafter incorporated or organized by a majority vote of their electors under the general law for the incorporation of cities; and (3) in all towns, villages, and cities incorporated under special charters, that, by a majority vote of electors, adopt the general school law.

3. The proviso to section 1, subc. 9, c. 56, Laws 1891, only applies when a city, town, or village incorporated under a special charter, and having a school board organized under a special act, does not choose to incorporate under the general law for the incorporation of cities but does desire to adopt the provisions of the general school law. In such case the general school law can only be adopted by a majority vote of the electors of such city, town, or village.

4. The effect of the repealing provisions of section 11, subc. 10, of the general school law, which provides for the repeal of all acts, "except special acts relating to schools in cities, towns or villages, and also independent school districts created by special acts," is to continue such special acts in force until such cities, towns, or villages, in some method provided in the act, adopt the general school law, but does not continue in force a special act organizing a school board in a city which has, since the passage of the general school law, become organized under the general act for the incorporation of cities.

5. The city of D. was incorporated under a special charter in 1881. A school board for that city was also organized by a special act in 1881. In 1893 the said city of D. became incorporated, by a majority vote of its electors, under the general act for the incorporation of cities, passed in 1890. *Held* that, by such organization under the general law of 1890, the said city came under the provisions of the general school law of 1891, and that its special act organizing its school board was in effect repealed and abrogated by virtue of such incorporation under said general act.

(Syllabus by the Court.   Opinion filed Aug. 22, 1894.)

Appeal from circuit court, Lawrence county.   Hon. A. J. PLOWMAN, Judge.

Action by the state, on the relation of Thomas Power and others, against Thomas Power and others.   Plaintiffs had judgment.   Defendants appeal.   Affirmed.

.The facts are fully stated in the opinion.

· *McLaughlin & McLaughlin,* for appellants.

A general act of the legislature in no wise repeals a special act. Tevison v. McPherson, 6 Dak. 27; 50 N. W. 351; Dillon Mun. Corp. § 87; Fosdick v. Perrysburg, 14 O. St. 486; Janesville v. Markoe, 18 Wis. 350; State v. Stenuson, 44 N. J. L. 371; Connore v. Carp. 54 Mich. 171; State v. Stoll, 17 Wall. 436; Schweuke v. Union, 7 Cal. 514; Whipple v. Christian, 80 N. Y. 525; Third National v. Harrison, 8 Fed. 722; Cole v. Supervicore, 12 Ia. 552; Ward v. Comm. 58 Cal. 563; Alberkson v. State, 2 N. W. 748; Brown v. County, 21 Pa. St. 43; Ottawa v. County, 12 Ill. 339; Townsend v. Little, 109 N. S. 512; Patter's Dwarris Stat. 131; Fox v. Rockford, 38 Ill. 451; People v. Wells, 11 Cal. 339; Western Bank v. Fallman, 17 Wis. 532; U. S. v. Tynen, 11 Wall. 93.

To justify a court in holding that an act is repealed by one subsequently passed, it must appear that the later provision is certainly and clearly in hostility to the former. If by any reasonable construction the two statutes can stand together, they must so stand. If harmony is impossible, the earlier enactment is repealed. Wood v. U. S. 16 Pet. 342; State v. State, ·17 Wall. 425; Chew Heong v. U. S. 112 U. S. 536; People v. Boord, 103 N. Y. 541; Raunds v. Borough, 81 Pa. St. 395; Cornington v. City, 78 Ill. 548; Iverson v. State, 52 Ala. 70; Pratt v. Railway, 42 Me. 579; Sedg. St. & Const. Law, 105; Suth. Stat. Law, 879.

*Edwin Van Cise,* for respondents.

CORSON, P. J. This case was tried in the court below upon an agreed statement of facts, the material portions of which are as follows: "(1) On the 22d day of February, 1881, the city of Deadwood was duly incorporated by an act of the legislature of Dakota territory entitled 'An act to incorporate the city of. Deadwood,' which act was duly accepted by said ·city.; and thereafter, and until the date hereinafter named, it con-

tinued, under said act, a municipal corporation, consisting of four wards or districts. (2) On the 5th day of March, 1881, the board of education of the city of Deadwood was created by an act of the legislature of Dakota territory entitled 'An act providing a board of education for the city of Deadwood, Dakota territory, and regulating the management of the public schools therein,' which act was duly accepted; and thereafter, in course of time, defendants were duly chosen and became, under said acts, the board of education of said city, and severally members thereof, two from each ward, and they still claim to be the lawful board of education of said city. (3) On the 2d day of October, 1893, the qualified electors of the city of Deadwood, at a special election duly called and held for that purpose, voted, in a large majority, "for city organization under general law," which vote was duly canvassed, the result duly announced, and by resolution duly adopted by the city council October 16, 1893, the city of Deadwood was duly incorporated under the general law; and thereupon the act of February 22, 1881, was abandoned, and said city of Deadwood became organized under the general act to provide for the incorporation of cities. There was not at that time, however, nor at any time, a separate vote of the electors taken, specifically adopting the provisions of chapter 56 of the Laws of 1891, entitled 'Education,' but relators contend that the vote and proceedings in this paragraph set forth constituted such adoption. (4) On the 17th day of April, 1894, at the annual city election in said city of Deadwood for city officers, and board of education and treasurer thereof, duly called, had and held by the qualified voters of said city, the relators herein were elected, by a majority vote, a board of education of the city of Deadwood, and severally members of such board,—two from each ward thereof,—and thereupon regularly met in said month of April, and severally qualified, as required by law, and organized by electing Leonard R. Graves president, Clara D. Coe vice president, and Alexander Strachan secretary, and prepared to enter upon the

discharge of their duties; that thereafter they demanded of defendants the possession of the school property, moneys, and effects, and the books, records, etc., belonging to the school district of Deadwood aforesaid, and whereof defendants were then in possession, claiming to be the board of education of the city of Deadwood, and relators also demanded to be admitted to the offices, duties, and privileges, etc., of members of the board of education for said city, but that defendants declined to comply with said demand, and still continue to so decline, and continue to hold said offices, discharge the duties, and enjoy the privileges thereof, and keep and retain the property, effects, books, records, etc., of said school district of the city of Deadwood, claiming that they have a right so to do." A judgment was rendered by the circuit court in favor of the plaintiffs (the new board of school trustees), and the defendants (the old board) appeal to this court.

It will be observed that the act incorporating the city of Deadwood was passed the 22d day of February, 1881, and that the act creating the board of education for the city of Deadwood was passed the 5th day of March, 1881,—10 days subsequently to the act incorporating the city, and not as an amendment to the city charter, but as an entirely independent act. The latter act has never, in terms, been repealed. The learned counsel for appellants contend that the act organizing the Deadwood school board was a special act, and is in no way effected by the general school law of 1891, and further that, by the express terms of that act, special acts relating to education, passed prior to January 1, 1890, are specially excepted. The language of the repealing clause (section 11, subc. 10, c. 56, p. 152, Laws 1891) reads as follows: "All acts and parts of acts relating to education, passed prior to January 1, 1890, (except special acts relating to schools in cities, towns and villages and also to independent districts created by special acts) are hereby repealed." And they further contend that the only way the city of Deadwood could come under and be governed by

the general school law would be by adopting such law by a majority vote of the electors. They further insist that reincorporating the city under the election held in October, 1893, had no effect upon the special act organizing the Deadwood school board, and that the act and the board were in no way affected by the election and reincorporation of the city in 1893. It is conceded that there has been no vote by the electors of the city of Deadwood upon the question of accepting the general school law, or otherwise abrogating the provisions of the special act of 1881 organizing the school board of Deadwood, other than the vote on the incorporation of the city under the general city incorporation law. The learned counsel for the respondents states the question to be decided as follows: "The question presented is, did the vote of October 2, 1893, which abandoned the old special charter of 1881, and created Deadwood a city under the general incorporation act, operate also as an abandonment of its old school charter of 1881, and the adoption of the general education act of 1891 and amendments?" The question turns upon the construction of section 1, subc. 9, c. 56, p. 142, Sess. Laws 1891: "All cities now organized or hereafter to be organized under the general act to provide for the corporation of cities shall be governed by the provisions of this act; provided that any city, town or village now organized under a special act, either for civil government or educational purposes, may at any time adopt the provisions of this act by a majority vote of the electors." He then states the contention of respondents as follows: "It will thus be seen there are three plans proposed by the school legislation of 1891 as to cities acting under special school charters: (1) If not organized under the general act providing for the incorporation of cities, the special school charters are exempt from the repeal, and continue in force. Section 11, p. 152, Laws 1891. (2) If a majority vote so decides, the provisions of the general act may be adopted, and the special school charter abandoned. Proviso, section 1, subc. 9, c. 56, p. 142. (3) If

the city was then organized, or thereafter became organized, under the general act for incorporation of cities, the special school charter was declared inoperative, and such city governed by the provisions of the school act.   See Id. § 1.   This construction is the only safe, conservative interpretation of this legislation that can be adopted."   It will thus be seen that respondents rely mainly upon the provisions of section 1, subc. 9, c. 56, Laws 1891, though other arguments are urged in favor of respondents' position.   It becomes necessary, therefore for this court to construe that part of the section relied upon.

It will be observed, first, that it is provided by that section that "all cities now organized or hereafter to be organized under the general act," etc., shall be governed by the provisions of the act.   Was Deadwood organized under the general act by the vote of 1893?   The general act (chapter 37, art. 1, § 1, Laws 1890) provides as follows:   "That any city now existing in this state under a special charter may become incorporated under this act in the manner following:   *   *   *   Sec. 3.   If a majority of the votes cast at such election shall be for city organization under general law, such city shall thenceforth be deemed to be organized under this act.   *   *   *"   The term "organized," in the school law, clearly means the same as the term "incorporated," in the first section of the city incorporation act.   When, therefore, the city of Deadwood became incorporated under the latter act, by the vote of 1893, it came under the provisions of the school law, and thereafter was governed by its provisions.   We are of the opinion, therefore, that the position of the respondents is the correct one, namely, that the provisions of the school law govern (1) all cities then organized under general laws at the date of the passage of the school law; (2) all cities that should thereafter be incorporated under the general city incorporation law; and (3) all cities incorporated under special charters, that should, by a majority vote, adopt the general school law.   This construction is in harmony with the repealing clause of section 11, re-

ferred to, as all special school acts were necessarily kept in force until the city organized under a special charter should become incorporated under the general city incorporation law, or until the provisions of the school act should be adopted by towns or cities which were not incorporated under the general city incorporation law, but had school boards organized under special acts of the legislature. The effect, therefore, of incorporating the city of Deadwood under the general city incorporation act in 1893 was, in our opinion, to bring that city under the general school law, and, in effect, to repeal or abrogate the former act organizing the Deadwood school board. The proviso in section 1 of the school law only applies when a city, town, or village incorporated by special charter has a school board organized by special act, and the city, town, or village does not choose to incorporate under the general city incorporation act, but such city, town, or village desires to adopt the school law in place of its special act. In such case the city, town, or village must do so by a majority vote of its electors, taken upon that particular question. When the city of Deadwood, therefore, by vote, decided to incorporate or organize under the general law, and surrender its special charter, it took with its new organization all the incidents, rights, and liabilities connected with such incorporation; and among these was the surrender of the special act creating its school board, and its acceptance of the general school law. The citizens of that city must be presumed to have intended, by incorporating under the general city incorporation law, to have accepted all the incidents connected therewith.

The counsel for appellants have called our attention to the case of Territory v. McPherson, 6 Dak. 27, 50 N. W. 351, and numerous cases holding the same doctrine, and insist that the law, as there laid down, rules this case. But we are unable to agree with counsel in this contention. It was held in that case that a special law on the subject of licenses, made applicable to Deadwood alone, was not repealed by a general law upon the

subject of licenses.   This is, no doubt, the general rule, and is based upon the principle that the court will presume that it was not the intention of the legislature, by the general law, to repeal the special law upon the same subject.   But in the case at bar the legislature seems clearly to have intended that, in the event the organized city should choose to organize or incorporate under the general law, not only its special charter, but its special act organizing its school board, should also be abrogated, in order that its school system should be in harmony with its general system.   Counsel for respondents has pointed out many conflicting provisions between the general city incorporation act and the special school act, and shows clearly the necessity for the abrogation of the special act, now that the city is organized under the general law.   These conflicting provisions were no doubt in the minds of the legislators, and influenced them in making the provisions that have been referred to, in order that the school board and city authorities could work in harmony.   But, whether or not this was so, the contingency upon which the school law should replace the special act is too clearly pointed out to be disregarded, namely, when the city should thereafter be organized under the general law.

Counsel for appellants have made a very able and ingenious argument in favor of the legal existence of the old board, notwithstanding the reincorporation of the city; but in view of the positive provisions of the section of the school law herein quoted, adopted subsequently to the passage of the city incorporation act, we think the conclusion is irresistible that the legislature intended that a city, upon incorporation under the general act for the incorporation of cities, should be governed thereafter by the general school law, and not by its special act. Our conclusion is, therefore, that the judgment of the court below is correct, and the same is affirmed.