INDEPENDENT SCHOOL DIST. OF ALEXANDRIA, Re-spondent, v. INDEPENDENT SCHOOL DIST. NO.
2, WAYNE, TP., HANSON COUNTY
et al. (Interveners) Appellants.

(152 N. W. 706.)

(File No. 3669.   Opinion filed May 24, 1915.   Rehearing denied July 24, 1915.)

**1.   Schools—School Corporations, Distinct from City Corporations—Department of Education, Establishment of by Statute.**

The Act of March 13, 1885, of the Legislative Assembly of Dakota Territory, incorporating the city of Alexandria, did not create a school corporation distinct from the municipal corpor-ation itself, but merely established for said city a department of education under control of a board having limited corporate powers.

2. **Schools—School Districts—"Independent School Districts," Automatic Creation of by Incorporation of City Under General Law—Effect of Statute.**

While, under the territorial Act of March 13, 1885, incorporating the city·of Alexandria, there was no school district existing as a corporate entity distinct from the city, yet, under the provisions of Pol. Code, Sec., 2407, a part of a chapter containing the general school law and providing that all cities and adjacent territory organized as independent school districts shall be governed by such general law, provided that any city organized under special act, whether for civil government or educational purposes, may at any time adopt the provisions of said general law by vote of the electors, **held,** that the vote of the electors of A., whereby it became organized under the general law for incorporation of cities, automatically created the territory then constituting such city into an "independent" school district under the general law, that is, any division of territory comprising within itself a city, whether or not it have an organization for school purposes distinct from its organization for other municipal purposes; since the legislative intention, in enacting the general school law, was to provide a comprehensive law under which every municipal corporation maintaining, with or without adjacent territory, a system of schools, might either automatically, by operation of statute law, or by vote of its electors, come under the provisions of the general school law, and thereby have vested in it as a school district the powers and functions given by such act; and as such, said independent district comes under the provisions of Sec. 2407; and such school district automatically created was a body corporate, distinct from the city, and its territorial boundaries were not affected by the subsequent exclusion of part of the city's territory.

Appeal from Circuit Court, Hanson County. Hon. FRANK B. SMITH, Judge.

Action by the Independent School District of Alexandria against the Independent School District No. 2, Wayne Township, Hanson County, South Dakota, and Independent School District No. 3, Wayne Township, Hanson County, South·Dakota, and others, interveners,. to enjoin defendants from interfering with plaintiff's exercise of authority, as a school corporation over certain territory, and for other purposes. From a judgment for plaintiff, defendants and the interveners appeal. Modified and affirmed.

*H. J. Mohr,* and *Spangler & Haney,* for Appellants.

*W. E. VanDemark*, for Respondent.

(1) Under point one of the opinion, Appellant cited: City of Winona v. School District, 40 Minn. 13, 41 N. W. 536, p. 540; State v. West Duluth Land Co., 75 Minn. 456, 78 N. W. 115, p. 118; Jackson v. Board of Education, 112 Minn. 167, 127 N. W. 569, p. 570; McGurn v. Board of Education, 133 Ill. 122, 24 N. E. 529.

(2) Under point two of the opinion, Appellant cited: Pol. Code, Secs. 1170, 1178, 2407; Laws 1905, Ch. 101, Secs. 242-4. Respondent cited: 35 Cyc. 813; Laws 1905, Ch. 101, Sec. 2; Laws 1907, Ch. 135, Sec. 176.

WHITING, J.   The circuit court entered judgment in favor of plaintiff, in effect adjudging that plaintiff district includes within its territory certain lands belonging to the interveners, and that defendants and interveners be restrained and enjoined from interfering with the exercise by plaintiff of that authority which, as a school corporation, it has over such lands.   The case was presented to such court upon an agreed statement of facts; the court adopted this agreed statement as its findings of fact; and the only question presented by the assignments of error is the sufficiency of such findings to support the judgment rendered.

From such findings it appears:   That on March 13, 1885, the Legislative Assembly of Dakota Territory passed a special act incorporating the city of Alexandria; that such city, as so incorporated, included within its territory all the lands involved in this action, as well as other lands; that said city duly organized pursuant to the provisions of such act; that on July 30, 1907, a portion of the lands in question, and, in the year 1910, the remainder of such lands were, by judgments of court duly made and entered, disconnected and excluded from the territory of said city; that at the time of such judgment of July 30, 1907, the two defendant school districts were duly organized and existing school districts, having boundaries entirely surrounding and adjoining in their entire extent the city limits of said city; that at an election duly held in the year 1906 said city organized as a city under the provisions of the general law for the organization of cities; that prior to such 1906 election the school system of said city was established and maintained under and by virtue of a special act which also went into force and effect on March

13, 1885; that after said city so reorganized under the general law, at the annual municipal election held therein in April, 1907, a board of education, consisting of two members from each ward and one member from the city at large, was elected and qualified; that from that time up to the present the successors of the members of such board of education have been elected in accordance with the general school law of this state, the school district has been known by the name of "independent school district of Alexandria," and the said board of education has levied taxes and exercised the powers of a board of education under the general school laws of this state; that no election was ever held or vote taken to adopt the general school law; that plaintiff was not a party to any of the proceedings for the exclusion of territory from said city, but its officers and electors had full knowledge thereof from the time of their inception.

The city of Deadwood, like the city of Alexandria, originally organized under a special charter, and had a board of education established under a separate special act. In 1894 Deadwood voted to incorporate as a city under the general incorporation act, and this court, in State ex rel. Powers et al. v. Powers et al., 5 S. D. 627, 59 N. W. 1090, held that, by organizing under the general law, the said city came under the provisions of the general school law of 1891. While not questioning the correctness of the ruling in the Powers case, appellants contend that it has no application to the present case, owing to material changes in the law under which such ruling was made. That section of the general school law of 1891, upon which the decision in the Powers case rested, was section 1, subc. 9, c. 56, Laws 1891, and it provided:

"All cities now organized or hereafter to be organized under the general act to provide for the corporation of cities, shall be governed by the provisions of this act: Provided, that any city, town or village, now organized under a special act, either for civil government or educational purposes, may at any time adopt the provisions of this act by a majority vote of the electors."

[1, 2] This law was repealed in 1903, and in place of such section there was enacted section 2407, Rev. Pol. Code, which reads in part as follows:

"All cities, towns and adjacent territory organized as inde-

pendent school districts shall be goverened by the provisions of this article: Provided, that any city or town organized under special act, either for civil government or educational purposes, may at any time adopt the provisions of this article by a majority vote of the electors."

Appellants contend that the special act of 1885 did not create a school corporation separate and distinct from the corporation known as the "city of Alexandria," but that it merely established for such city a department of education under the control of a board having limited corporate powers. We will not recite the several provisions of such special act which lead us to agree with this contention, but after a careful consideration of its provisions we are convinced that:

"These * * * provisions of the act * * * show beyond all doubt that its purpose was to adopt a policy, and not a mere arbitrary geographical line, and that this policy was to establish a uniform school system, not for the territory then happening to be within the city, but for the city, whatever its area might be, whether enlarged or diminished in the future, and that the board of education, although invested with certain limited corporate powers, should be one of the departments of the city government, much like a board of public works or park commissioners." City of Winona v. School Dist. No. 82, 40 Minn. 13, 41 N. W. 539, 3 L. R. A. 46, 12 Am. St. Rep. 687.

Appellants contend that, inasmuch as there was no school district existing as a corporate entity separate and distinct from the city of Alexandria, there was never a city, organized as an independent school district, which came under the provisions of section 2407, supra. With this contention we are unable to agree. We believe that, in enacting said section 2407, the Legislature intended to provide a comprehensive law under which every city or town in this state which, with or without adjacent territory, maintained a system of schools for its inhabitants, either would automatically, by the operation of such law, or might by a vote of its people, come under the provisions of the general school law; and that, with this purpose in mind, the Legislature used the word "independent," not to declare that the school district should necessarily be a separate and distinct corporate entity from the city or town, but rather to distinguish the territory to

which said section 2407 should apply from the other school districts provided for by the general school law of which such section was a part. In the broad sense of the word "district," any division of territory comprising within its territory a city, whether such city be organized with a department providing its inhabitants with educational facilities, or whether it have an organization for school purposes separate and distinct from its or any part of its organization for other municipal purposes, is a district, and morover, is a separate or "independent" district, and, as such, comes under the provisions of said section 2407. Being an independent district within the provisions of such section, it would either automatically come under the provisions of the general school law, or in case such city was operating under a special charter, it might, while yet so operating under such special charter, come under the general school law by a vote of its electors. Therefore, by the vote of the electors of the city of Alexandria, whereby the city became organized under the general laws for the incorporation of cities, the territory then constituting such city was automatically created an independent school district under the general school law. Unless this were so, we would have this situation, certainly one not contemplated by the enactors of section 2407: The city, not having voted directly upon the question of incorporating under the general school law while it was operating under its special charter, and not being authorized to vote upon such question after organizing under the general law, is left no way whereby it can organize under the general school law. Such school district so automatically created was a separate and distinct body corporate from the city of Alexandria, and its territorial boundaries were in no manner affected by the subsequent exclusion from such city of a part of the territory of such city, and interveners' lands remained, and now are, a part of such district.

The trial court is directed to so amend its judgment that, instead of adjudging plaintiff "to be the true and lawful owner, for school purposes," of the lands involved herein, it shall adjudge that such lands are a part of plaintiff district. As so amended, the judgment is affirmed, with costs.