STATE ex rel. GABEL, Appellant, v. YOUNG et al., Respondents.

(157 N. W. 325.)

(File No. 3882.    Opinion filed April 11, 1916.    Rehearing denied
May 27, 1916.)

1.  Constitutional Law—Delegation of Legislative Power—Intoxicating Liquors License—Prohibiting Sale Near Cities and Towns—Police Power—Statute.

Laws 1913, Ch. 259, Sec. 1, prohibiting townships from licensing sale of intoxicating liquors at any place within five miles of the corporate limits of any incorporate town or city wherein the sale of said liquors is prohibited, is not unconstiutional as being an improper delegation of legislative power to a city or town, but is a mere exercise of the police power vested in the state for control of such traffic, which traffic exists, not by virtue of right, but at mere sufference of the people; and the state, having, through legislative action, plenary power in regulation and restriction thereof, may prohibit such traffic in liquor within certain distances from incorporated towns, etc.; and, regardless of how the conditions by which prohibited territory is created, the creation of such condition is not the enactment of legislation by the creators thereof, but the creation of a condition authorized by law and to which the Legislature has prescribed a certain result.

2.  **Statutes—Title—Constitution—Act Prohibiting License Where Liquor Sales Forbidden, Title Ignoring Local License.**

Laws 1913, Ch. 259, Sec. 1, prohibiting townships from licensing sale of intoxicants within five miles of incorporated towns or cities wherein such sales are prohibited, but whose title broadly refers to prohibiting such sales within such areas regardless of local licenses within the town ,etc., is unconstitutional, being a violation of Const., Art. 3, Sec. 21, requiring the subject of an act to be expressed in its title.

3.  **Statutes—Subjects and Title—Presumption, When Title Misleading.**

Where the title of an act is clearly misleading, the court will not indulge in any presumptions for the purpose of sustaining the law simply because it meets with the court's approval.

4.  **Statutes—title—Constitutionality—Title Unnecessarily Comprehensive and Misleading as to Policy of Law.**

Laws 1913, Ch. 259, Sec. 1, prohibiting licensing by townships the sale of intoxicating liquors within five miles of incorporated towns or cities wherein such sales are prohibited, but whose title broadly refers to prohibiting such sales within such areas regardless of local license in said towns, etc., cannot be held constitutional because the title is merely more comprehensive than necessary; since here the title, while in a sense comprehending the subject matter, is actually misleading, being too explicit, and misleading in declaring that the purpose of the law is to further one certain policy, while the law itself clearly furthers another and materially different policy.

Appeal from Circuit Court, Beadle County. Hon. ALVA E. TAYLOR, Judge.

Mandamus by the state, on the relation of F. J. Gabel,

against F. C. Young and others, as members of the Board of County Commissioners of Beadle County, to compel defendant board to approve a liquor license bond. From a judgment for defendants, plaintiff appeals. Judgment reversed, with directions that writ issue.

*Null & Royhl,* for Appellant.

*A. A. Chamberlain,* State's Attorney, and *C. N. Hall* Deputy State's Attorney, for Respondents.

(1) To point one of the opinion, Appellant cited: Bradshaw v Lankford, 11 L. R. A. 582.

(2) To point two of the opinion, Appellant cited: Insurance Company v. New York, 8 N. Y. 241; Insurance Company v. Easford, 31 S. D. 149; Rowe v. Richards, 32 S. D. 66; Kennedy v. Ry. Co., 28 S. D. 94; Pierson v. Minnehaha County, 28 S. D. 534; Beverly v. Waln, (N. J.) 30 Atl. 545; State v. Steelman, 49 Atl. 978.

Respondent cited: Morrow v. Wipf, 22 S. D. 146, 115 N. W. 1121; State v. Becker, 3 S. D. 29, 51 N. W. 1018; State v. Anaconda Copper Min. Co. (Mont.) 59 Pac. 854; State v. Barber, 19 S. D. 1, 110 N. W. 1078.

WHITING, J. The only question meriting our consideration is the constitutionality of chapter 259, Laws 1913. If such act is constitutional, the judgment appealed from should be affirmed; but, if not, it should be reversed, and the trial court directed to issue the peremptory writ of mandamus prayed for by appellant.

[1] Section 1 of the act is the only part of the body thereof we need to consider. It reads as follows:

"Section 1. No organized township in this state shall grant any license for the sale of spirituous, vinous, malt, brewed, fermented or other intoxicating liquors at any place within five miles of the corporate limits of any incorporated town or city in this state wherein the sale of said liquors is prohibited. * * *"

Appellant contends that this act improperly delegates legislative power to a city or town, in that it gives to such city or town the power to legislate in a manner binding and controlling adjacent territory. This is not a delegation of legislative power, but the mere exercise of the police power vested in the state. The state by virtue of such power has complete control of the

liquor traffic, a traffic which exists, not by virtue of any right, but through the mere sufferance of the people. Crowley v. Christensen, 137 U. S. 86, 11 Sup. Ct. 13, 34 L. Ed. 620. Inasmuch as the state, through legislative action, could absolutely prohibit such traffic, it has plenary power in the regulation and restriction thereof. State ex rel. Crothers v. Barber, 19 S. D. 1, 101 N. W. 1078. By virtue of such power, the Legislature may prohibit such traffic in certain localities—within certain distances from churches, schools, incorporated towns, etc. 23 Cyc. 82. The creation of a church, school, or incorporated town or city, through which a prohibited territory might come into existence, may be accomplished, not only through the vote of the electorate, but by the action of private persons, societies, or corporations; but regardless of how the condition, by which prohibited territory is created, arises, the creating of such condition is not the enactment of legislation by the creators thereof, but the creation of a condition authorized by law and to which the Legislature has prescribed a certain result.

[2, 3] Appellant also contends that the said act is unconstitutional in that the subject of the act is not expressed in its title as required by the provisions of section 21, art. 3, of our Constitution. That portion of the title material to the question raised reads as follows:

"An act prohibiting the issuance by township boards, of permits for the sale of intoxicating liquors at any place within five miles of the limits of any incorporated town or city. * * *"

We believe appellant's contention sound and supported by authority. We are not unmindful of the holding of this and other courts that statutes should not be held unconstitutional unless the fact of unconstitutionality appears beyond a reasonable doubt. Upon the other hand, as stated by us in Insurance Co. v. Basford, 31 S. D. 149, 139 N. W. 795:

"Ours is a constitutional government, the people, in their sovereign capacity, have placed the above restriction upon the methods of legislation, have prescribed the above rule which their legislative servants must conform to, and, if they neglect to conform to this rule and keep within this restriction, their labor, no matter how meritorious otherwise, will be of no effect, as this section of the Constitution is mandatory * * * To the courts

is left the duty of determining when the Legislature has disregarded such rule and restriction; and, when it is found that either of these provisions of the supreme law of the state has been disregarded, the further duty of the courts is clear, let the consequences be what they may."

What is the subject of the act before us? It is to prohibit the sale of liquor in territory contiguous to territory where a certain condition exists—namely, local prohibition. What is the subject expressed in the title? To prohibit the sale of intoxicating liquor in territory contiguous to any territory having a certain prescribed political organization. The clear purpose of the Legislature in enacting this law was to protect, from the evils of the liquor traffic, those municipalities which, by forbidding such traffic within their borders, should seek to banish such evils from their midst. This purpose would never be guessed at from a reading of the title of the act. The title to this act gives positive advice that the prohibition provided for in the act is prohibition based upon the contiguity of the prohibited territory to centers of population, while the act itself provides for prohibition that is based upon the contiguity of the prohibited territory to territory wherein prohibition prevails. The title is most misleading and falls clearly under the condemnation of our Constitution. As said by this court in State v. Becker, 3 S. D. 29, 51 N. W. 1018, this provision of our Constitution was "intended to prevent the insertion into bills of matter or measures of which the title gave no notice or intimation, and thus to deceive or mislead the individual legislators and the public generally." Courts will take notice that legislators do and often must rely largely upon the titles to bills when determining how they will vote upon the same. State v. Becker, supra. That being true, how can it be known but that many of the legislators who voted for this act did so believing that its purpose and effect was to prohibit the sale of intoxicating liquors within five miles of all incorporated cities and towns? How can it be known that some or all, so mistakingly voting, would not have refused to vote for a bill having the purpose expressed by the body of the act? The title being clearly misleading, it is not for us to indulge in any presumptions for the purpose of sustaining the law simply because the law may meet with our approval.

[4] Respondents contend that this title is merely more comprehensive than necessary, and they quote what this court said in State v. Becker, supra, in relation to making the title broader than the law. This court said:

"Suppose a law had for its title 'An act to regulate the transfer of bills of exchange, promissory notes, and other contracts in writing,' but the body of the law only assumed to regulate the transfer of bills and notes; would the broader title have the effect to invalidate the more restricted law? We think not."

The illustration there used has no application to the facts of this case, but would apply if the title to the act now before us had read, "An act prohibiting the issuance by township boards of permits for the sale of intoxicating liquors in certain cases," or if it had read, "An act regulating the sale of intoxicating liquors." In either case, the title would have comprehended the subject-matter, but could not have misled any one. One reading the title would have been put to further inquiry to ascertain the purpose of the act. Here the title, while in a sense comprehending the subject-matter, is actually misleading. The trouble with this title is that it is too explicit. The very words, which respondent urges render the title unduly comprehensive, are the words which specifically mislead by declaring that the purpose of the law is to adopt and carry out one certain public policy, while the law itself clearly adopts and carries out another materially different public policy.

The judgment appealed from is reversed, and the trial court is directed to issue the writ prayed for.