CHAPMAN, Plaintiff, v. THE SOUTH DAKOTA RURAL CREDITS BOARD et al, Defendants.

(190 N. W. 884.)

(File No. 4978. . Opinion filed November 28, 1922.)

1. **Statutes—Title Should Be So Comprehensive that Reader May Gather Correct Information as .to General Scope and Purpose of Act.**

   The title of an act should be so comprehensive that from the reading thereof one may gather correct information as to the general scope and purpose of the act, and should not purport to be an index, which, if incomplete, may mislead.

2. **Statutes—Constitutional Law—Home Building Law Held Invalid, in that Title Fails to Intimate Provisions.**

   The Home Building Law (Laws 1921, c. 254), enacted pursuant to Const., Art. 13, Sec. 17, held invalid, as violating Const., Art. 3, Sec. 21, in that its title, "An act creating a, state home building department, defining its powers and duties, providing for the loaning of money and extending credit to the people of the state * * * for the purpose of assisting in the building of homes by (them), authorizing the state to borrow money on bonds and warrants secured by the good faith and credit of the state for such purposes," etc., gives no intimation of provisions for loans by state for homes only in cities or towns which must approve every loan, and are made responsible therefor in case of foreclosure.

Original application by Rollie D. Chapman for writ of prohibition against the South Dakota Rural Credits Board and others. Writ granted.

*Chas. E. DeLand,* of Pierre, for Plaintiff.

*Byron S. Payne,* Attorney General, for Defendants.

Plaintiff cited: Dupree v. Stanley County, 8 S. D. 30; note to Davis v. State (Md.), 61 Am. Dec. 331 (342); Sutherland on Statutory Construction, Sec. 87; State v. Morgan, 2 S. D. 32; Anderson v. Hill, 54 Mich. 477.

Defendants cited: Eakin v. South Dakota State Cement Commission (S. D.), 183 N. W. 165; In re Opinion of Judges (S. D.), 180 N. W. 957.

PER CURIAM. This is an original proceeding in which plaintiff asks a peremptory writ of prohibition, restraining defendants from putting into effect the provisions of chapter 254, Laws of 1921, commonly known as the Home Building Law. This

law was enacted pursuant to the provisions of section 17 of article 13 of the Constitution, adopted by a vote of the people of the state at the general election of 1920. It is contended by plaintiff that such law is unconstitutional because its title violates section 21, and its body violates section 26 of article 3 of our Constitution. The title reads as follows:

"An act entitled, An act creating a state home building department, defining its powers and duties, providing for the loaning of money and extending of credit to the people of the state upon real estate security for the purpose of assisting in the building of homes by the people of this state, authorizing the state to borrow money on bonds and warrants secured by the good faith and credit of the state for such purposes, and providing for and establishing and maintaining said system of credits and providing for the necessary officers and employes, their compensation, expenses and supplies."

The earliest and the leading case in this state discussing questions relating to the sufficiency of titles to acts—that of State v. Morgan, 2 S. D. 32, 48 N. W. 314—has always been looked to as a guide; and it might well be, so thoroughly has it covered this subject. We might call attention to its many quotations from different courts; but, so far as this case is concerned, it is unnecessary to refer to anything more than the following therein from Cooley's Constitutional Limitations (5th Ed.) 173. In speaking of the purposes of this section of the Constitution he says:

"It may therefore be assumed as settled that the purpose of these provisions was: First, to prevent 'hodgepodge' or 'logrolling' legislation; second, to prevent surprise or fraud upon the Legislature by means of provisions in bills of which the titles gave no intimation, and which might therefore be overlooked, and carelessly and unintentionally adopted; and, third, to fairly apprise the people, through such publication of legislative proceedings as is usually made, of the subjects of legislation that are being considered, in order that they may have opportunity of being heard thereon, by petition or otherwise, if they so desire."

[1] Certain general propositions relating to titles of acts are firmly established by the decisions of the courts of this and other jurisdictions. The best title is one that is comprehensive, one that does not purport to be an index. An index is dangerous

as a title to an act, because, if incomplete, it may mislead; but a comprehensive title should be truly comprehensive—from the reading of the title one should be able to gather correct information as to the general scope and purpose of an act. A title worded, "An act creating a state home-building department and defining its powers and duties," would have been a sufficient title for the act before us, if such act had not contained the provisions hereinafter referred to, of which this short title, like the title actually adopted, would give "no intimation."

[2] The title before us for consideration violates requisites "second" and "third" announced by Cooley. . A reading of this title would give "no intimation," either to a member of the Legislature or to the people at large, of some of the real, underlying provisions of the act. One reading such title would conclude that the state was going to engage in the loaning of money to assist in the building of homes throughout the state. The statute does provide that the state shall advance the money on each loan and take mortgage security on the property to be improved by the new dwelling; but it is the cities and towns, and not the state, that determine loans and assume all financial responsibility. The following, of which not the slightest intimation is given in the title, are provided by the act: No loans can be made or homes built except in cities or towns that elect to avail themselves of the provisions of the act. The city or town must approve of every loan made, and must oversee the building of the dwelling and the proper application thereto of the money loaned and such money as the law requires the borrower to advance. In case foreclosure becomes necessary, and no one else bids the full amount of the mortgage debt, it is the duty of the *city or town* to bid in the property "for the full amount due thereon together with costs of foreclosure"; the city or town must pay to the sheriff, by warrant on its general fund," the full amount due, which amount shall be remitted to the State Treasurer. If the city or town fails or refuses to make such payment, the State Tax Commission is authorized to levy a special tax "upon all the assessable property within such city or town," which, when collected by the county treasurer, shall be remitted to the State Treasurer.

The opinion, thus far, was written by Judge WHITING just prior to his untimely death, and we are all in accord therewith.

His opinion contained a discussion of another question about which we are not in agreement. The question is this: Conceding that since the adoption of section 17 of article 13 of the Constitution the building of homes *by the state* would be for a public purpose, would the building of homes *by a municipality* be for a public purpose? Does the amendment give the Legislature authority to impose a tax on the citizens of a municipality for such purpose any more than it could have authorized the same thing before the amendment was adopted? Another question presented and undecided is whether this act violates section 26 of article 3 of the Constitution. These questions are not decided, for the reason that if the Legisalture shall pass a home-building act as a strictly state function, their determination will be unnecessary.

The defendants must and will be ordered to refrain from attempting to carry out any of the provisions of chapter 254, Laws 1921. The title to this act violates section 21, article 3, of our Constitution. We must therefore sustain plaintiff, and grant a writ prohibiting the defendants from acting under this statute.

Note—Reported in 190 N. W. 884. See American Key-Numbered Digest, (1) Statutes, Key-No. 109, 36 Cyc. 1028, 1029; (2) Statutes, Key-No. 121(1), 1921 and 1923 Ann. to 36 Cyc. 1029, 25 R. C. L. 860.

On necessity and sufficiency of reference in title of statute to appropriations to put its purpose into effect see L. R. A. 1917B, 812.