NASH FINCH COMPANY, Appellant, v. FARMERS' & MERCHANTS' BANK, et al, Respondents.

(246 N. W. 637.)

(File No. 7487.   Opinion filed February 6, 1933.)

*Andrew E. Foley,* of Watertown, for Appellant.
*F. J. Benthin,* of Pierre, for Respondent.

RUDOLPH, P. J. The trial court sustained a demurrer to the complaint. The complaint alleged, in substance, that the plaintiff was the owner and holder of certain checks drawn against the accounts of the makers in the Farmers' & Merchants' Bank of Willow Lakes; that in each instance the maker of the check had sufficient funds on deposit in the bank to pay the check; that these checks were deposited by the plaintiff in the First National Bank & Trust Company at Watertown, S. D., and were, together with other checks drawn against the Willow Lakes bank, forwarded by the Watertown bank to the bank at Willow Lakes; that, in the clearance of these items sent by the Watertown bank, the bank at Willow Lakes forwarded to the Watertown bank its draft drawn against actual existing values in the National Bank of Huron; that, prior to the payment of the draft, the Willow Lakes bank closed and the draft remains unpaid; that the plaintiff is the owner and holder of a part of the draft in an amount equal to the amount of the checks owned by the plaintiff. The plaintiff asked that it be adjudged to be entitled to a preferred claim against the assets of the Farmers' & Merchants' Bank of Willow Lakes in an amount equal to the amount of the checks.

The plaintiff and appellant contends that it is entitled to a preferred claim against said bank under the provisions of chapter 87, 1931 Session Laws of the State of South Dakota. The defendant and respondent contends that said chapter 87 is unconstitutional, and this view was adopted by the trial court.

Chapter 87, Laws of 1931, reads as follows:

"An Act Entitled, An Act Providing That Any Draft, or Cashier's Check Issued by Any Bank or Banking Institution in This State, as Conditional Payment of a Check Drawn Upon Such Bank Shall Be and Is a Preferred Claim Against All of the Assets of Such Bank.

"Be It Enacted by the Legislature of the State of South Dakota:

"Section 1. Any draft or cashier's check issued on and after the date of the passage and approval of this act and drawn against actually existing values by any bank or trust company prior to its failure or closing and given in payment of clearings or collections and any money paid in the usual course of business to any bank or trust company for the purchase of a draft for the bona fide transfer of funds shall be a preferred claim against all of the assets of the bank or trust company."

It is the contention of the respondent that the act is broader than the title of the act, and that for this reason the act is unconsitutional. Section 21 of article 3 of the State Constitution is as follows: "No law shall embrace more than one subject, which shall be expressed in its title."

There have been many cases before this court where the constitutionality of a statute has been challenged on account of this constitutional provision. The early case of State v. Morgan, 2 S. D. 32, 48 N. W. 314, 317, established generally the law relating to the sufficiency of titles to acts. In that case it was said: "It is not enough that the act embraces but one subject, and that all its parts are germane; but the title must express the subject, and comprehensively enough to include all the provisions in the body of the act. The title need not index all the details af the act. It is sufficient if the language used in the title, on a fair construction, indicates the purpose of the legislature, so that makeing every reasontable intendment in favor of the act it may be said that the subject of the law is expressed in the title."

In the later case of Chapman v. South Dakota Rural Credits Board, 46 S. D. 72, 190 N. W. 884, this court said: "The best title is one that is comprehensive, one that does not purport to be an index. An index is dangerous as a title to an act, because, if incomplete, it may mislead."

It will be noted that the title of this act limits its provisions by providing that any draft or casher's check given as conditional payment of a check drawn upon such bank shall be a preferred claim. The title purports to be an index of what the act contains. When the act itself is considered, it becomes apparent that its provisions are much broader than indicated by the title. The act makes a preferred claim of any draft or cashier's check "given in payment of clearings, or collections and any money paid in the usual course of business to any bank or trust company for the purchase of a draft for the bona fide transfer of funds." That the act is broader than the title, we believe, is so apparent from a casual reading, that it needs no extended argument.

It is contended by appellant that, conceding the act is broader than the title in some aspects, the transaction here involved comes within the meaning of the term "given in payment of clearings," that this part of the act is not broader than the title, and that the act should not be held unconstitutional so far as this transaction is concerned. The appellant concedes that the part of the act reading as follows: "Or collections and any money paid in the usual course of business to any bank or trust company for the purchase of a draft for the bona fide transfer of funds"—is not included within the title of the act, and, in any event, is not pertinent under the facts here presented. With the above-quoted portion omitted, the act would read as follows: "Any draft or cashier's check issued on and after the date of the passage and approval of this act and drawn against actually existing values by any bank or trust company prior to its failure or closing and given in payment of clearings shall be a preferred claim against all of the assets of the bank or trust company."

It is appellant's contention that, when the act is considered, as above set out, then the act is no broader than the title, and should sustain a judgment under the facts as pleaded in this case. With this contention we are unable to agree. It is interesting to note

that the body of the act does not in any place use the term "check" or in any manner refer to a "draft given as conditional payment of a check drawn upon such bank" except as it might be inferred from the term "clearings" used in the act. "Clearing" is defined in Bouvier's Law Dictionary as, "A method of making exchanges and settling balances, adopted among banks and bankers." Certainly it cannot be seriously contended that a draft given in payment of clearings could not be for something other or different than a draft given as conditional payment of a check. Many items other than checks might enter into a clearing transaction between banks. It is our opinion that the term "clearings," as used in the act, is a much more comprehensive term than the term "check," as used in the title, and that for this reason the act is unconstitutional, in so far as it attempts to make a preferred claim of a draft given in payment of clearings. The order oppealed from is affirmed.

POLLEY, CAMPBELL, ROBERTS, and WARREN, JJ., concur.