GARREY, Respondent v. SCHNIDER, Appellant
(105 N.W.2d 860)

(File No. 9871. Opinion filed November 9, 1960)

**Parnell J. Donohue,** Atty. Gen., **Charles Poches, Jr.,** Asst. Atty. Gen., for Defendant and Appellant.

**Theodore M. Bailey,** Sioux Falls, for Plaintiff and Respondent.

SMITH, J.   Whether the title of Chapter 264, Laws 1959, expresses the subject of that act as required by Section 21, Article III of the Constitution of South Dakota is the question presented by this appeal. The cited act is carried as SDC 1960 Supp. 44.0302-2.

Plaintiff was arrested in Sioux Falls, South Dakota, and charged with violation of a traffic ordinance of that city. The officer making the arrest had reasonable grounds to believe that plaintiff was then driving a motor vehicle while under the influence of alcoholic liquor. Thereupon, because of the refusal of the plaintiff to submit to the chemical analysis described in Ch. 264, Laws 1959, such steps were taken and proceedings had in compliance with the provisions of that act as resulted in the revocation of plaintiff's driver's permit, and his permit was surrendered to the defendant commissioner.

Predicated upon the theory that the cited act is void because its title does not satisfy the requirements of Section 21, Article III of the constitution, plaintiff brought this action seeking a decree requiring the defendant commissioner to reinstate and surrender plaintiff's driver's permit. The learned trial court held the act unconstitutional and entered judgment in accordance with the prayer of plaintiff's complaint. The defendant has appealed.

■ Before turning to the merits, we notice plaintiff's motion for a dismissal of the appeal made on the ground that the assignments of error are insufficient to present a question for review. An assignment of error need follow no stated form but must briefly and plainly point out the error alleged to exist. SDC 1960 Supp. 33.0735. While defendant's assignments are not models of clarity, from the entire instrument entitled "Assignments of Error" court and counsel are informed defendant is complaining that the trial court erred in concluding as a matter of law that Ch. 264, Laws 1959, is unconstitutional because it violates Section 21, Article III of the constitution. We deem that sufficient in the circumstances and therefore deny the motion.

By Ch. 264, Laws 1959, it is provided that any person who operates any vehicle in this state shall be deemed to have given his consent to a described chemical test to determine the amount of alcohol in his blood, which test, in case of a person charged with a traffic violation, is to be given under the direction of a police officer having reasonable grounds to be-

lieve such person to have been driving under the influence of alcoholic liquor. The act includes other provisions for revocation by the commissioner of motor vehicles of a defendant's permit to drive for one year if, after explanation of the provisions of the act, he refuses to submit to the described test, for a trial de novo in the circuit court to determine whether such revocation was warranted, for the qualification of those authorized to withdraw blood from a defendant in making the test, for a simultaneous like test by a qualified person of defendant's choice, and for exemption from liability to defendant of a physician or technician, acting with due care, in making the test at the request of a law enforcement officer.

The assailed title of the act reads "An Act Entitled, An Act relating to regulation as to use of motor vehicles upon the highways of this state and exempting from liability the party administering such chemical tests."

Section 21, Article III of the constitution provides that "No law shall embrace more than one subject, which shall be expressed in its title."

No question is raised as to the unity of the subject matter of the act; it is not asserted that more than a single subject is embraced therein. The attack is directed at the title. The plaintiff advances two contentions in support of the ruling of the trial court which we propose to separately state and consider.

■■ The first contention of plaintiff is that the portion of the title reading "An Act relating to regulation as to use of motor vehicles upon the highways of this state" is too general to express the subject of the act, and therefore, is misleading and deceptive.

In our many decisions dealing with this constitutional provision the court has steadfastly adhered to its pronouncements in State v. Morgan, 2 S.D. 32, 48 N.W. 314, and State v. Becker, 3 S.D. 29, 51 N.W. 1018. In Morgan, 2 S.D. at page 42, 48 N.W. at page 317, it was declared,

"The constitutional requirement in our constitution is addressed to the subject. This subject must be single. The provisions of the act must all relate directly to the same subject, having a natural connection, and not be foreign to the subject as stated in the title. The title must state the subject of the act for the information, not only of the legislature, but of the public generally. When the title of a legislative act expresses a general subject or purpose which is single, all matters which are naturally and reasonably connected with it, and all measures which will or may facilitate the accomplishment of the purpose so stated, are germane to its title. There is no constitutional restriction as to the scope or magnitude of the single subject of a legislative act."

And in Becker, 3 S.D. at page 37, 51 N.W. at page 1021,

"* * * and it is not difficult to see that the mischief which the provision was intended to prevent was that of putting into the law what was not indicated in the title, and not that of making the title broader than the law."

In Chapman v. South Dakota Rural Credits Board, 46 S.D. 72, at page 73, 190 N.W. 884,

"Certain general propositions relating to titles of acts are firmly established by the decisions of the courts of this and other jurisdictions. The best title is one that is comprehensive, one that does not purport to be an index."

And in Metropolitan Casualty Insurance Co. of New York v. Basford, 31 S.D. 149, at page 167, 139 N.W. 795, at page 799, this court quoted with approval from Fidelity Insurance, Trust & Safe Deposit Co. v. Shenandoah Valley R. Co., 86 Va. 1, 9 S.E. 759, 19 Am.St.Rep. 858,

"When the title is general, as it may be, all persons interested are put upon inquiry as to any-

thing in the body of the act which is germane to the subject expressed; but when the title is restrictive, and confined to a special feature of a particular subject, the natural inference is that other features of the same general subject are excluded. * * *"

What is the subject of this act? The trial court wrote:

"This is an Act implying consent to a chemical analysis for determining the amount of alcohol in the blood by the operators of motor vehicles on the highways of the State of South Dakota. That is its purpose as set out in the body of the Act, and any other provisions in the Act would only appear to cover the means of accomplishing that purpose, and matters fairly and reasonably connected with such purpose."

And we understand that counsel entertains the view that such an implied consent is the subject of this act. It seems manifest to us that it was because of a mounting public concern induced by the increasing use of motor vehicles on our highways by persons under the influence of alcoholic liquor, and the pressing need for strengthening the arm of the officer seeking to curb such use, that the legislature was moved to write these provisions into our statutes. This act was a means to an end, not an end in itself.

Speaking in terms of Section 21, Article III, the "subject" of an act is the matter of public concern for which the law is enacted. State v. Morgan, supra. It was the public concern about this described use of motor vehicles on our highways which was the subject of this act. The words we are considering, viz., "An Act relating to regulation as to use of motor vehicles upon the highways of this state", encompass this subject of public concern, and place interested persons on inquiry as to the regulations appearing in the body of the act. That its provisions are congruous and germane to the subject expressed in the title hardly seems open to debate. In our opinion this portion of the title was neither misleading nor deceptive.

■ We have said there is no constitutional restriction as to the scope of a title. Our research has brought to light no case which condemns a comprehensive title solely because of its generality. Counsel cites State ex rel. Gabel v. Young, 37 S.D. 196, at page 201, 157 N.W. 325, at page 326. In that case the court suggested some applicable comprehensive titles and continued in these words:

> "In either case, the title would have comprehended the subject-matter, but could not have misled any one. One reading the title would have been put to further inquiry to ascertain the purpose of the act. Here the title, while in a sense comprehending the subject-matter, is actually misleading. The trouble with this title is that it is too explicit. The very words, which respondent urges render the title unduly comprehensive, are the words which specifically mislead by declaring that the purpose of the law is to adopt and carry out one certain public policy, while the law itself clearly adopts and carries out another materially different public policy."

A like result for the same reason was reached in Chapman v. South Dakota Rural Credits Board, 46 S.D. 72, 190 N.W. 884. Neither case is apposite here.

The controlling principle is formulated in 50 Am.Jur., Statutes, § 181, p. 160 as follows:

> "As long as the generality of the title is not made a cover for legislation incongruous in itself, and the title is not misleading or deceptive, or employed as a guise for concealing the real object of the law, but fairly expresses the general subject or object of the law, the mere generality of the title is not an objection."

■ The second contention of plaintiff deals with the remaining words of the title reading, "* * * and exempting from liability the party administering such chemical tests."

Plaintiff argues that these additional words index the title and exclude all other features of the act. We elect to broaden the inquiry, and consider whether these added words do either index the title, or render it deceptive or misleading in character when read as a whole.

For the convenience of the reader we reproduce the whole title, "An Act relating to regulation as to use of motor vehicles upon the highways of this state and exempting from liability the party administering such chemical tests."

The short answer to able counsel's contention is that these final words of the title do not purport to either index or qualify the general words which precede them. They are united to those general words by a conjunction, and deal with something contained in the act which purports to be in addition to its regulations as to use. They index that which is added and not that which is encompassed by the general words. Further, instead of having a tendency to deceive or mislead, they put a reader upon further notice that the act deals with some character of chemical test.

In dealing with a somewhat similar contention the Missouri court declared the applicable principle in these words,

"But in instances where the title to the bill descends into particulars which are neither expressly nor by necessary implication restrictive of the general purpose of the bill as set forth in its title, but are merely descriptive of some of the instrumentalitites or means to be employed in effectuating the general purpose of the bill as declared in its title, there is no constitutional barrier to the inclusion in the bill of provisions which are germane to and within the scope of the general purpose of the bill as declared in its title and which, although not set forth in the particulars expressed in the title, are not out of harmony with them."

Graves v. Purcell, 337 Mo. 574, 85 S.W.2d 543, at page 548.

In Wheelon v. South Dakota Land Settlement Board, 43 S.D. 551, at page 558, 181 N.W. 359, at page 360, 14 A.L.R. 1145, in which this court was considering words added to what would have sufficed as a comprehensive title of the act, it used words which have application here. It was there written:

> "The question then recurs whether by the in sertion of needless matter in the title it has become misleading. * * * In view of the principle that it is our duty to construe this section of the Constitution liberally (Stephens v. Jones, 24 S.D. 97, 123 N.W. 705), and that it is only when 'the conflict between the statute and Constitution is plain and manifest' that courts will be justified in declaring an act unconstitutional. (State v. Morgan, supra; Queen City Fire Ins. Co. v. Basford, 27 S.D. 164, 130 N.W. 44), we conclude that it does not clearly appear that a person examining the title would be misled thereby."

Although this title offers much room for improvement in draftmanship, our conclusion is that it does not violate the cited provision of our constitution.

The judgment of the trial court is reversed.

ROBERTS, P. J., and RENTTO and BIEGELMEIER, JJ., concur.

HANSON, J., dissents.

HANSON, J. (dissenting).

I am unable to concur. Our constitution requires the subject of every law to be expressed in its title. The function of a title is to give reasonable notice of the subject of an act to legislators and the general public. In other words an expressive title to a legislative act should serve as an informative "label" of its contents. In my opinion the title in question fails to serve that purpose or function. "An Act En-

titled, An Act relating to regulation as to use of motor vehicles upon the highways of this state and exempting from liability the party administering such chemical tests" is to me nothing more than a meaningless hodge-podge of words. It is devoid of information. Certainly, it would not alert the average reader that "Any person who operates any vehicle in this state shall be deemed to have given his consent to a chemical analysis of his blood, urine, breath or other bodily substance for the purpose of determining the amount of alcohol in his blood." as provided in the body of the act. Something obviously was omitted from the challenged title and it is not the function of judicial interpretation to supply that omission. Our purpose is "to construe" and not "to construct" legislative titles.