WIPF, Respondent v. GENERAL DISCOUNT CORP., et al.,
Appellants

(192 N.W.2d 727)

(File No. 10851.  Opinion filed December 9, 1971)

Bangs, McCullen, Butler, Foye & Simmons, Geo. A. Bangs, Rapid City, for defendants and appellants.

Brady, Kabeiseman, Light & Reade, Charles E. Light, Yankton, for plaintiff and respondent.

WOLLMAN, Judge.

This is an appeal by General Discount Corporation (General Discount) and William M. Smith (Smith) from a judgment in favor of plaintiff Andrew Z. Wipf in his suit against General Discount, Smith and Andrew Aman. The trial court dismissed the complaint aganist Andrew Aman.

The factual background of this case is in many respects similar to that in the case of Hofer v. General Discount Corp., 86 S.D. 133, 192 N.W.2d 718, and we refer to that case for further particulars.

Sometime prior to 1960, plaintiff purchased from General Discount certain guaranteed debentures in the principal amount of $7,500, maturing in five years and bearing interest at the rate of 7% per annum. These debentures were part of the general

issue and sale of guaranteed debentures by General Discount totaling over one million dollars. The debentures were at no time registered for sale with the South Dakota Commissioner of Securities. All of the debentures issued by General Discount contained a due date and accrued interest at a rate from 5% to 7% per annum, depending upon the duration of the debentures.

On November 24, 1965, plaintiff at Smith's solicitation exchanged his guaranteed debentures for redemption certificate #121 in the face amount of $7,500, and a certificate of accrued interest in the amount of $202.50, which represented interest which had accrued to date on plaintiff's guaranteed debentures. The redemption certificate and certificate of accrued interest did not have due dates and bore no interest.*

Plaintiff testified that Smith told him that because the corporation could not pay the holders of guaranteed debentures as they requested their money the corporation was going to issue some different certificates for the guaranteed debentures. Plaintiff had several conversations with Smith prior to the time that he exchanged his guaranteed debentures for the redemption certificate and the certificate of accrued interest. Plaintiff did not examine the redemption certificate closely until sometime after he returned to his home near Freeman, South Dakota. After examining the certificate plaintiff returned to Yankton within a few days after the exchange and discussed with Smith the fact that the certificate bore no due date nor provision for the payment of interest similar to that contained in his original guaranteed debenture. Plaintiff testified that Smith then told plaintiff that he would "pay this out within one year", together with interest.

Plaintiff caused to be served upon the three defendants in early June of 1967 a notice of election similar to that described in Hofer v. General Discount Corp.

---

* The redemption certificate and certificate of accrued interest were similar in form to those described in footnotes 2 and 3 in Hofer v. General Discount Corp. Although copies of plaintiff's original guaranteed debentures do not appear in the settled record, we have no reason to believe that the debentures were any different from those described in footnote 1 of Hofer v. General Discount Corp.

On June 21, 1967 General Discount sent a registered letter to plaintiff signed by Smith acknowledging receipt of the notice of election. The letter stated in part:

"If you are not satisfied with your present position as a holder of these certificates, we are perfectly willing to return you to the position you held before accepting these certificates. We ask that you present Redemption Certificate No. 121 and Certificate of Interest No. 121 to the office of the Corporation in Yankton to enable us to reinstate, as of the original date, the instruments you surrendered to us in order to receive the certificates you now hold.

"Please advise us as to your wishes concerning the above.

"GENERAL DISCOUNT CORPORATION
William M. SMITH
President"

On August 23, 1967, plaintiff brought suit against the defendants for the sum of $7,500, with interest thereon at the rate of 7% per annum from and after November 24, 1965, together with the sum of $202.50, plus reasonable attorney's fees and costs and disbursements.

The trial court found that the redemption certificate and certificate of accrued interest were securities within the meaning of SDCL 47-31-1(4) and that the exchange of plaintiff's debentures on November 24, 1965 for the redemption certificate and certificate of accrued interest constituted a sale within the meaning of SDCL 47-31-1(3) in violation of SDCL 47-31-9.

The trial court found that plaintiff's notice of election satisfied the procedural requirements set forth in SDCL 47-31-132, 47-31-133 and 47-31-134. The trial court held that because General Discount and Smith had not offered to repurchase for money the redemption certificate and certificate of accrued interest plaintiff was entitled to recover a money judgment in the amount

of $6,702.50 (the court having found that on December 15, 1966 plaintiff received payment in the amount of $1,000 on his $7,500 principal balance) together with interest thereon from and after November 24, 1965 at the rate of 7% per annum. Judgment was entered against General Discount and Smith in the amount of $6,702.50, plus interest at the rate of 7% per annum from and after November 24, 1965, together with attorney's fees in the sum of $3,061.04.

■  Appellants contend that the securities involved herein were exempt from registration under SDCL 47-31-85 on the theory that the exchange of the guaranteed debentures for the certificate of redemption constituted an increase of capital stock of General Discount sold only to its security holders on an exchange basis without payment of any commission or expense to any broker or agent in connection with the distribution. We hold that the exchange was not exempt under SDCL 47-31-85. Hofer v. General Discount Corp.

■  Appellants contend that plaintiff is entitled, at most, to a return of the guaranteed debentures which he surrendered on November 24, 1965, and that because plaintiff failed to accept General Discount's offer to repurchase the redemption certificate and certificate of accrued interest, he waived his statutory right of action against defendants.

In accordance with our holding in Hofer v. General Discount Corp. we affirm the trial court's decision that plaintiff is entitled to recover a money judgment against General Discount and Smith. Defendants argue that the effect of this holding permits plaintiff to avoid the three-year statute of limitations set forth in SDCL 47-31-137 by enabling plaintiff to recover the consideration paid for the original guaranteed debentures prior to 1960. Our decision is based upon the transaction that occurred on November 24, 1965 and on which an action was brought in August of 1967. The fact that the measure of plaintiff's recovery is related to the amount of consideration he paid for the original guaranteed debentures is incidental to the fact that his recovery is based upon the exchange that occurred on November 24, 1965.

■ Defendants argue that plaintiff cannot recover a money judgment because he did not introduce any proof of the monetary value of the guaranteed debentures which he surrendered or of the certificates which he received in exchange.

The evidence is even clearer in the instant case than in Hofer v. General Discount Corp. that General Discount redeemed all guaranteed debentures on demand regardless of their due dates up until the stockholders' meeting of October 20, 1965. Smith drafted the language of the redemption certificates. He testified that the reason no due date and no interest rate were inserted was to prevent a continued run on the cash resources of the corporation in order to allow liquidation of the assets of the corporation so that payment could be made. General Discount redeemed a substantial number of redemption certificates for cash before plaintiff served his notice of election and demand for payment in June of 1967 and redeemed additional redemption certificates after that date.

Nowhere in the record does it appear that General Discount ever treated its guaranteed debentures or redemption certificates as having a monetary value less than their face value for redemption purposes. Those holders who were fortunate enough to present their debentures for cash before the October 20, 1965 stockholders' meeting were treated by General Discount as being the owners of demand deposits. At least some of the holders of redemption certificates were apparently paid the face amount of their certificates after the exchange. In the light of this evidence we perceive no reason why plaintiff's guaranteed debentures and redemption certificate should be considered to have a value less than that put on similar securities by General Discount itself.

■■ Finally, defendants contend that attorney's fees should not be allowed where plaintiff's recovery is substantially less than the demand. This alleged error was not presented in the assignments of error and therefore it is not properly before us for review. City of Sturgis v. Walker, 79 S.D. 655, 116 N.W.2d 803. We do note that SDCL 47-31-133(2) provides that the seller of unregistered securities shall be liable to the purchaser for the

reasonable fees of the purchaser's attorney in any action brought for recovery under the provisions of SDCL 47-31-133(1). On the record before us we cannot say that the trial court erred in awarding attorney's fees in this case.

The judgment against General Discount Corporation and William M. Smith in favor of plaintiff is affirmed.

HANSON and WINANS, JJ., and BURNS, Circuit Judge, concur.

BURNS, Circuit Judge, sitting for BIEGELMEIER, P. J., disqualified.