Martha LANG, Plaintiff and Respondent,

v.

GENERAL DISCOUNT CORP., a South Dakota Corp., and William M. Smith, Individually and as an officer and director of General Discount Corp., Defendant and Appellant.

Gottlieb LANG, Plaintiff and Respondent,

v.

GENERAL DISCOUNT CORP., a South Dakota Corp., and William M. Smith, Individually and as an officer and director of General Discount Corp., Defendant and Appellant.

Edwin KEPPLINGER, Plaintiff and Respondent,

v.

GENERAL DISCOUNT CORP., a South Dakota Corp., and William M. Smith, Individually and as an officer and director of General Discount Corp., Defendant and Appellant.

Andrew R. WOLLMAN, Plaintiff and Respondent,

v.

GENERAL DISCOUNT CORP., a South Dakota Corp., and William M. Smith, Individually and as an officer and director of General Discount Corp., Defendant and Appellant.

Nos. 11741–11744.

Supreme Court of South Dakota.

Argued May 25, 1976.

Reassigned Jan. 6, 1977.

Decided Feb. 10, 1977.

Charles E. Light, of Brady, Kabeiseman, Light & Reade, Yankton, for plaintiffs and respondents.

George A. Bangs, of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for defendants and appellants.

DUNN, Chief Justice.

These cases represent the fourth opportunity this court has had to review the operations of defendant General Discount Corporation (General Discount) and its president, defendant William Smith (Smith).[1] In the actions presently at bar, plaintiffs hold Redemption Certificates and Certificates of Accrued Interest of General Discount.[2] They are seeking payment on these certificates (1) as promissory notes fully matured and payable along with seven percent interest from date of issuance, November 15, 1965, and (2) upon grounds of deceit by General Discount and Smith under SDCL 20-10-2. Following discovery and depositions, the First Judicial Circuit Court granted summary judgment for plaintiffs. We reverse.

Prior to 1965, plaintiffs purchased from General Discount certain Guaranteed Debentures which contained a fixed maturity date and accrued interest, payable semiannually, at the rate of seven percent. On October 20, 1965, a special meeting of stockholders of General Discount was called to discuss cash flow problems. At that meeting, it was decided that all holders of outstanding debentures should be contacted and induced, if possible, to exchange their debentures for Redemption Certificates containing no fixed date of maturity or interest rate. The stockholders agreed to subordinate their own certificates to those of the debenture holders. They also agreed that interest should be paid on the Redemption Certificates after all principal was repaid, but no certain interest rate was determined. It was suggested that the debenture holders be contacted individually to explain the reason for the request. Smith volunteered to do so.

In October and November of 1965, Smith met with plaintiffs. In his conversations with them he explained that General Discount was in financial trouble and would be unable to make the October 1965 interest payments to debenture holders. Nothing was said concerning maturity dates or interest rates of the certificates. Plaintiffs surrendered their debentures and later received the certificates.

In addition to plaintiffs, one hundred thirty-eight other debenture holders exchanged their Guaranteed Debentures for certificates. Some of these certificate holders later served notices of election to declare the exchanges void and were paid principal and interest on their debentures.[3] Payments were made to some certificate holders during the following years while others received less or nothing at all. On September 23, 1970, and April 29, 1971, General Discount contracted to sell certain real property and embarked on a plan for repayment of the certificates. Under the plan, General Discount would not make pro

1. See *WIPF v. General Discount Corp.,* 1971, 86 S.D. 148, 192 N.W.2d 727; *Hofer v. General Discount Corp.,* 1971, 86 S.D. 133, 192 N.W.2d 718; *State v. Smith,* 1970, 85 S.D. 275, 181 N.W.2d 451.

2. For copies of the debentures and certificates, see: *Hofer v. General Discount Corp.,* 86 S.D. at 135–136, 192 N.W.2d at 720.

3. See: *WIPF v. General Discount Corp.* and *Hofer v. General Discount Corp.,* supra, note 1.

rata payments, but instead would make payments in like amounts to all certificate holders, using any money remaining to pay off the principal of small holders. Implementation of this plan began in 1972.

The trial court in granting summary judgment held that "the actions of the defendant have been arbitrary and inequitable in that preferential payments have been given to some certificate holders and withheld from others and in particular those who have sought relief in the courts." The court also concluded that the certificates constituted a debt of General Discount, that a reasonable time for payment had passed, and that plaintiffs were entitled to interest on the debt.

■ We must first deal with plaintiffs' allegation that the assignments of error of General Discount and Smith are inadequate. Plaintiffs contend that the assignments merely allege error and do not refer to pages or portions of the record at which the alleged error occurs. SDCL 15–29–6; *J. R. Watkins Co. v. Beisel,* 1960, 78 S.D. 413, 103 N.W.2d 333. While we agree that the assignments which repeatedly assert: "The error is manifest in the record," are not "models of clarity," they do inform the court and plaintiffs that General Discount and Smith are complaining that there are material facts in issue and hint at what those material facts may be. *Garrey v. Schnider,* 1960, 78 S.D. 596, 598, 105 N.W.2d 860, 861. Because these matters are here on appeals from grants of summary judgment we deem the assignments sufficient. It would be nearly impossible to refer to a page or portion of a record wherein a material fact exists.

General Discount and Smith admit the certificates are a corporate debt, but they claim that material facts are in issue. These material facts are whether plaintiffs assented, by accepting the certificates, to a corporate reorganization and are thereby estopped from challenging the terms of the certificates. Within this question are the following issues: (1) whether the certificates are due and payable, and (2) whether the certificates bear interest.

■ Because these appeals are from grants of summary judgment we must view the evidence in the light most favorable to the nonmoving parties. *Wilson v. Great Northern Ry. Co.,* 1968, 83 S.D. 207, 157 N.W.2d 19. Although the record clearly shows that some certificate holders had been paid more than others, particularly in the first few years following the exchange, the determination of whether the actions of General Discount and Smith were "arbitrary and inequitable" should be made by the factfinder and not by the court as a matter of law. *Wilson v. Great Northern Ry. Co.,* supra. The determination of the passage of a "reasonable time" necessarily depends on the facts as well, SDCL 57–1–14, and should not be made by the court on a motion for summary judgment. On trials to the merits of these cases, the factfinders can conclude what plaintiffs assented to at the time of the exchange, Wright & Miller, Federal Practice and Procedure: Civil § 2730, whether they waived interest in hopes of regaining their principal where that too was in jeopardy, and what a "reasonable time" would be.

On remand we also urge the trial court to consider the interests of potential but absent plaintiffs and the interest of the courts in providing complete and efficient settlement of controversies, and to ascertain whether other certificate holders should be joined under RCP 19(a). *Provident Bank & Trust Co. v. Patterson,* 1968, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936.

Reversed and remanded.

All the Justices concur.

WINANS, Retired Justice, sitting for MORGAN, J., disqualified.