CASE 24—INDICTMENT FOR CRIMINAL CONSPIRACY—JUNE 7.

# Commonwealth v. Grinstead, &c.

APPEAL FROM WHITLEY CIRCUIT COURT.

INDICTMENT DISMISSED AND COMMONWEALTH APPEALS. AFFIRMED.

CONSPIRACY—AGREEMENT WITH MANUFACTURER NOT TO RESELL GOODS BELOW A CERTAIN PRICE.

Held:   An agreement by one who buys goods from a manufacturer, not to resell them for less than a certain price, does not violate section 3915, Kentucky Statutes, known as the conspiracy or trust statute.

J. N. SHARP, COMMONWEALTH'S ATTORNEY, AND C. W. LESTER, FOR APPELLANT.

This indictment charges the appellees with a criminal conspiracy in violation of sections 3915 and 3917, Kentucky Statutes. When the case was called for trial a demurrer was sustained to the indictment and judgment entered dismissing it, from which judgment the Commonwealth appealed, and this court reversed that judgment and remanded the case to the Whitley cirucit court for trial. See 108 Ky., 59 (55 S. W., 720; 21 Ky. Law Rep., 1445).

At the January term, 1901, of the Whitley circuit court it came on for trial before a jury, and after the evidence was heard for the Commonwealth the court, upon appellee's motion, gave the jury a peremptory instruction to find defendants not guilty and a verdict and judgment was rendered accordingly, and an appeal granted to this court.

The evidence shows that these appellants and all others who purchase certain goods for their trade, Arbuckle's coffee, for example, before purchasing, enter into an agreement with Arbuckle to sell the goods at the price fixed by him; and that price is changed from time to time by Arbuckle; his customers, these appellees, among them all, agreeing with him and through him, with each other, to maintain the prices so fixed, thus giving Arbuckle, through his customers who have entered into this agreement, complete control over prices to raise or lower at will.

To constitute a conspiracy it is not necessary that each member of it should, in person, face to face, meet and agree with

Commonwealth v. Grinstead, &c.

each other member of it. A criminal conspiracy is defined to be: "A corrupt combination of two or more persons by concert- ed action to commit a criminal act, or an act which tends to prejudice the public in general, to subvert justice, disturb the peace, injure public trade, affect public health or violate pub- lic policy, or any act, however innocent, by means neither crimi- nal nor unlawful where the tendency of the object sought would be to wrongfully coerce or oppress either the public or an in- dividual."

2. As to the jurisdiction: "In an indictment for conspiracy the venue may be laid in the county where the unlawful combination took place or where an overt act was done by any of the conspira- tors in futherance of their common design."

The evidence shows conclusively that these defendants were selling in Whitley county this coffee under this agreement at and before the time the indictment was found. Upon this proof we insist that the case should have been submitted to the jury under proper instructions.

### AUTHORITIES CITED.

Ky. Stats., secs. 3915, 3917; Com. v. Grinstead & Tinsley, 21 Ky. Law Rep., 1445; 4 Am. & Eng. Ency., 583, 584, 586, note 9; Beach on Monoplies & Industrial Trusts, secs. 78, 82; Juris- diction, 4 Ency. Pl. and Pr., p. 708; People v. Mather, 4 Wend., N. Y., 229; Bloomer v. State, 48 Md., 551; People v. Arnold, 46 Mich, 275.

OPINION OF THE COURT BY JUDGE DuRELLE—AFFIRMING.

A full statement of the indictment in this case can be found in the opinion upon the former appeal (108 Ky. 59 (21 R., 1444) (55 S. W., 720). The appellees were indicted for a violation of section 3915, Ky. St., being what is called the conspiracy or trust statute. Upon that appeal this court held the statute was valid, unre- pealed, and that the indictment was sufficient. By petition for rehearing, it was suggested that cer- tain manufacturers, in order to prevent goods of their manufacture being brought into competition with goods of inferior grade, required of their customers an agree- ment not to sell below a minimum cost, fixed by the manufacturer, and that his prosecution would prove

to be based upon such agreements. In response to that petition it was said by this court, that such contracts did not seem to be within the meaning of the statute, but that the question was not presented by the record then before us. On the return of the case, evidence was introduced by the Commonwealth, the principal effect of which was to show that defendants were members of the Kentucky Wholesale Grocers' Association, the objects of that association, and the relation of certain manufacturers of articles named in the indictment to their customers. From the evidence the association seems to be quite innocuous. It holds meetings to consider the state of the business, and through its officers it obtains from the manufacturers the market changes that occur from time to time, and obtains from the various carriers the freight rates to different points, which are published in a rate book, for the benefit of members of the association and others. There is nothing in this which violates any of the provisions of the statute. It appears, further, that certain brands of various kinds of groceries of established reputation are protected by the manufacturers or the owners of the brands by a refusal to sell the goods to any one who will not agree to refrain from selling them at a price below a minimum, from time to time fixed by the manufacturer or owner of the brand. The association receives information of changes in the price upon such articles from the manufacturer, and sends that information immediately to its members. There does not appear from the testimony in this case, to be any obligation on the part of any member of the association to the other members to fix, control or regulate the price of any of the goods, but that as to what, in the language of the trade, are called "contract goods," or goods upon

which the manufacturer puts a fixed selling price, the manufacturer alone regulates and controls the minimum price at which the jobbers may sell the goods, and this is done by requiring the customers to agree not to resell the goods at a price less than that fixed by him. We are not called on to decide whether the Legislature could prevent the manufacturer from requiring such an agreement of his customers. All that is necessary to decide here is that such an agreement with the manufacturer is not within the purview of the statute. It was not error, therefore, for the circuit court to direct the jury to find the defendants not guilty, and the judgment is affirmed.

Whole court sitting.