## LEMMON INDEPENDENT SCHOOL DISTRICT NO. 1, Appellant, v. ROWBOTHAM, Respondent.

### (205 N. W. 706.)

(File No. 6026.    Opinion filed October 28, 1925.)

1.    Statutes—Constitutional Law—Constitution, Providing that No Law Shall Embrace More Than One Subject, Which Shall Be Expressed in its Title, Construed; Provision is Mandatory.

Object of Const. Art. 3, Sec. 21, providing that no law shall embrace more than one subject, which shall be expressed in its title, is to prevent bringing together in one act subjects having no necessary connection or relation with each other, and to guard Legislatures and communities affected by law against surprise and impositon, and it is mandatory.

2.    Schools and School Districts—Statutes—Provisions in Statute Relating to School Districts Held Unconstitutional, As Not Being Germane to Subject Expressed in Title to Act; Status of Independent School District Not Changed by Municipality's Adoption of Commission Form of Government.

Laws 1913, c. 119, Sec. 124,. manifests an attempt to create cities as a new class of independent school districts, with special provisions relating thereto and is not germane to subject expressed in title, "an act to provide for the incorporation· of cities under commission," in violation of Const. Art. 3, Sec. 21, and hence school district, containing municipality and con-

41—Vol. 48, S. D.

siderable territory lying without the corporate limits, consti-
tuted an independent school district, under Rev. Code 1919,
Sec. 7532, comprising territory under which it was organized,
notwithstanding that municipality changed to commission form
of government, pursuant to Laws 1913, c. 119.

Appeal from Circuit Court, Perkins County; HON. W. F.
EDDY, Judge.

Mandamus by the Lemmon Independent School District No.
1, a public school corporation of Perkins County, against Kent
Rowbotham, as County Auditor in and for Perkins County. Judg-
ment for defendant, and plaintiff appeals. Reversed, with direc-
tions.

*C. G. Carrell,* of Lemmon, for Appellant.
*C. M. Parsons,* of Bison, for Respondent.

(1) To point one of the opinion, Appellant cited:  State
v. Morgan, 48 N. W. 314; State v. Becker, 3 S. D. 29.

Respondent cited:  Trust v. Sears, 41 Pac. 931; State v.
Board of Commissioners (Nev.), 29 Pac. 974; Montclair Town-
ship v. Ramsdell, 107 U. S. 145, 2 Sup. Ct. Rep. 391, 27 L. ed.
431.

(2) To point two, Appellant cited:  F. E. & M. V. Ry. Co.
v. Pennington Co., 22 S. D. 202, 116 N. W. 75.

Respondent cited:  Fairview Ins. School Dist. v. Durland, 45
Ia. 53.

BURCH, C.  Lemmon independent school district No. 1, of
Perkins county, S. D., was organized in August, 1908, containing
the town of Lemmon and a considerable territory lying without
the corporate limits of said town.  The town was later incorpo-
rated as a city.  In March, 1914, the city of Lemmon changed its
form of government to the commission form, pursuant to chapter
119, S. L. 1913.  After this, and until 1918, the county auditor
seems to have treated the said independent school district in all
respects the same as though no change in form of government had
been made, but in 1918 and thereafter the county auditor refused
to spread the school tax levy and assessment over the entire tax-
able property within the boundaries and limits of said school dis-
trict, but confined the levy and assessment of the taxable property
of the school district to the property within the boundaries and

limits of the city, claiming that under the act authorizing the incorporation of the city under commission form of government the limits of the school district were restricted and limited to the boundaries of the city and that upon the adoption of the commission form of government all outlying territory of the district was excluded and ceased to be a part of the school district.

This action is in mandamus against the defendant, as county auditor of Perkins county, to compel him to spread the tax levy and assessment upon all taxable property within the original boundary lines of the said school district, irrespective of whether or not such territory lies within or without the boundary lines of the city. The facts were all stipulated, with this further stipulation:

"That the only dispute or difference between the parties to this action is whether or not the city of Lemmon, S. D., by virtue of its action in adopting the city commission form of government under chapter No. 119 of the Session Laws of the state of South Dakota for the year 1913, as herein stated, by such action cut off and detached all of the territory within the limits of the Lemmon independent school district No. 1, as originally organized, lying outside of the corporate limits of the city of Lemmon, S. D."

Section 7532, R. C. 1919, provides:

"Any territory, having within its boundaries any city or incorporated town, heretofore organized for school purposes under or by operation of any special or general law, and any such territory hereafter organized for school purposes shall be known as an independent school district, the boundaries of which may or may not coincide with the boundaries of the city or town therein; such district shall constitute a public corporation, and shall be governed by the provisions of this chapter; and every school corporation existing and operating, when this code takes effect, as an independent school district, though there be no city or town within its boundaries, shall continue as such and be governed by the provisions of this chapter until changed in some manner authorized by law."

Prior to this enactment we held that cities and towns might be incorporated for school purposes embracing more territory than that within the city or town limits as organized for municipal purposes. Viland et al v. Board of Education of Independent School District of Veblen, 38 S. D. 440; 161 N. W. 810. We also

held in Ind. School Dist. of Alexandria v. Ind. School Dist, No. 2, Wayne Typ., 35 S. D. 474, 152 N. W. 706, that an independent school district was a body corporate distinct from the city. And in Sanders v. Ind. School Dist. of Sioux Falls, 35 S. D. 48, 150 N. W. 473, we held that school corporations, although they are public corporations, are not municipal corporations, within the meaning of the Constitution providing for the classification of muncipal corporations.

It is conceded by counsel for both parties that the plaintiff was a school corporation embracing more than the limits of the city of Lemmon at the time said city adopted the commission form of government. That it was a school corporation distinct from the city municipal corporation, and governed by the general school law applicable to independent districts at the time the city changed its form of government needs no argument. The sole contention is that the act of the city in adopting the commission form under chapter 119, S. L. 1913, had the effect to terminate said district and to creat a new district coextensive with the city limits, leaving all outlying territory unincorporated and outside of any school district.

This view is taken because of section 124 of chapter 119, S. L. 1913, reading as follows:

"Every city organized under the provisions of this act shall constitute an independent school district and as such independent school district, shall be a body corporate, such independent school district shall be deemed to be a continuation of the independent school district constituted by said city prior to the organization of said city under this act, and the making of such change of organization shall not be construed to effect a change in the legal identity as a corporate body of such independent school district. Such independent school district shall be governed by the laws of South Dakota applicable to independent school districts, excepting as herein otherwise provided."

—and other provisions of the act relative to the organization and government of the school district. If the law is to be construed as intending to effect such result in regard to the independent school district, then it violated section 21 of article 3 of the state Constitution providing:

"No law shall embrace more than one subject which shall be expressed in its title."

The title to chapter 119, S. L. 1913, was:

"An act to provide for the incorporation of cities under commission."

Under this title, a form of city government might be prescribed; but the title does not cover the subject of changing the boundaries of a school district which is then existing as a separate and distinct corporation, or of creating another class of independent school districts under another form of government than prescribed by the general school law governing such corporations, nor does it purport to cover school districts at all. To destroy or change existing school corporations having vested property rights and with contractual obligations, cannot be accomplished by simply enlarging the powers and duties of municipal corporations to include and take over such corporations under a title which gives no intimation of such intended legislation.

[1] The object of said section 21 of article 3 of the Constitution, providing that "no law shall embrace more than one subject, which shall be expressed in its title," is to prevent the bringing together in one act of subjects having no necessary connection or relation with each other, and to guard the Legislatures and communities affected by the law against surprise and imposition, and it is mandatory. State v. Morgan, 2 S. D. 32, 48 N. W. 314; State v. Becker, 3 S. D. 29, 51 N. W. 1018.

[2] If the Legislature did not intend to change the boundaries of the district, or to create a new class of independent school districts, then defendant's position is untenable. If the Legislature did intend this result, then that portion of the law pertaining to schools and school government is unconstitutional and void. We think the language of the act, with the several provisions pertaining to schools, admits of but one construction, and that is an attempt to create a new class of independent districts, with special provisions governing the board of education, management of the school, the election and removal of officers, and with boundaries coinciding with the limits of the city and, the subject of schools and school districts not being germane to the subject expressed in the title to the act, such provisions are unconstitutional and void. Therefore the appellant district at all

times since 1908 has been, and still is, an independent school district comprising the territory under which it was organized.

The judgment of the circuit court is reversed, with directions to render judgment for plaintiff and issue a peremptory writ of mandamus as prayed for by plaintiff.