MILES LABORATORIES, INC., Respondent, v.
OWL DRUG COMPANY, a Corporation, Appellant

(295 N. W. 292.)

(File No. 8377. Opinion filed December 13, 1940.)

524

**Claude A. Hamilton,** of Sioux Falls, for Appellant.

**Bailey, Voorhees, Woods & Bottum** and **Roswell Bottum,** all of Sioux Falls, and **Verne G. Cawley,** of Elkhart, Ind., for Respondent.

POLLEY, J. Plaintiff is a corporation, who now is and for more than eight years last past has been engaged in the manufacture and sale of proprietary remedies and medicines, among others, a certain analgesic remedy known as "Alka-Seltzer", which, prior to the commencement of this action has been and now is in free and open competition with commodities of the same general class produced and distributed by other manufacturers, such as Aspirin, Bromo-Seltzer and other proprietary medicines; and long prior to the commencement of this action plaintiff registered the name "Alka-Seltzer" in the United States Patent Office as a trade-mark, and ever since the registration of said trade-mark and at the present time plaintiff has been and now is the owner thereof.

The Legislature of 1937 enacted Chapter 126, Laws 1937 (now SDC Ch. 54.04), and known as the "Fair Trade Law," and on or about the 13th day of November, 1937, the plaintiff, pursuant to the provisions of SDC 54.0404, established a minimum price at which its product, "Alka-Seltzer", should be sold to consumers at retail in this state and that said minimum price ever since said date has been and now is in full force and effect. As a result of extensive advertising and other sales promotion work done by the plaintiff in promoting the sale of "Alka-Seltzer", and as a result of the wide and general acceptance of said product by the public, plaintiff has built up and established a large and valuable good will in connection therewith, which, at this time, has a value to the plaintiff in the state of South Dakota in excess of $5,000.

Defendant is a corporation engaged in conducting a retail drug store under the name of "Owl Cut-Rate Drug Store" in Sioux Falls, South Dakota, where it deals in proprietary remedies and medicines, including "Alka-Seltzer".

On or about the 13th day of November, 1937, the plaintiff pursuant to the provisions of the said "Fair Trade Law" entered into certain contracts with distributors of "Alka-Seltzer", wherein plaintiff established minimum resale prices, which said prices are the same as such prices established by the plaintiff in all other states of the United States

having a "Fair Trade Law" other than the State of California, and providing for refusal to sell unless such minimum resale prices are observed, with a large number of retailers of proprietary remedies doing business in this state, all of which agreements are identical in form and language except as to the date and name of the retailer which appears in each of the agreements, all of which agreements were in force and effect at the time of the commencement of this action.

Sometime shortly after November 13, 1937, defendant was informed of the minimum retail prices of "Alka-Seltzer" which plaintiff had on such date established in this state by the delivery to the defendant of a schedule of said minimum prices, and thereafter and until the 6th day of November, 1939, plaintiff sold to defendant such of its products as the defendant ordered from it. That notwithstanding the receipt of said schedule of minimum prices the defendant shortly thereafter violated the provisions of SDC 54.0406 of the said "Fair Trade Law" by wilfully and knowingly offering for sale and selling in its said "Owl Cut-Rate Drug Store" considerable quantities of "Alka-Seltzer" for less than the minimum price established by the plaintiff as aforesaid, and threatened to continue offering for sale and selling said commodity at less than the prices established by the plaintiff as aforesaid.

In its complaint plaintiff alleged that none of such sales come within the exceptions enumerated in SDC 54.0405. Plaintiff also alleged that it was damaged in its business by the said wrongful and unlawful acts of the defendant and prayed judgment that the defendant be perpetually enjoined from unlawfully and knowingly advertising, offering for sale or selling "Alka-Seltzer" at less than the minimum retail prices therefor which plaintiff had previously established and which were in effect at the time of such sales, and from offering or giving any article of value free with or in connection with the sale of "Alka-Seltzer"; or offering or making any concession of any kind whatsoever with or in connection with the sale of "Alka-Seltzer", or offering or giving any coupon with or in connection with the sale of

"Alka-Seltzer" and selling or offering for sale "Alka-Seltzer" in combination with any other merchandise.

To plaintiff's complaint, defendant interposed an answer in which it admitted all the allegations contained in plaintiff's complaint and moved that said complaint be dismissed for the reason and upon the ground that the said "Fair Trade Law", under which this action is brought is repugnant to and in violation of the Constitution of the State of South Dakota. The Court denied defendant's motion for judgment and granted plaintiff's motion for judgment on the pleadings in accordance with plaintiff's prayer. By this judgment defendant is permanently and perpetually enjoined from: "(a) wilfully and knowingly advertising, offering for sale, or selling the product known as 'Alka-Seltzer', which is described in the complaint in this action, at less than the minimum retail prices therefor which the plaintiff may have previously established and which are in effect at the time of said sale; (b) offering or giving any article of value free with or in connection with the sale of 'Alka-Seltzer'; (c) offering or making any concession of any kind whatsoever with, or in connection with the sale of 'Alka-Seltzer'; (d) offering or giving any coupon with or in connection with the sale of 'Alka-Seltzer'; and (e) selling or offering for sale 'Alka-Seltzer' in combination with any other commodity." But further ordered that this injunction "shall not preclude the defendant from reselling said 'Alka-Seltzer' at less than the minimum retail prices therefor which the plaintiff may have established in the following cases and under the following circumstances which are set forth in SDC 54.0405, namely: (1) In closing out the defendant's stock of 'Alka-Seltzer' for the bona fide purpose of discontinuing dealing in such commodity when plain notice of the fact is given to the general public; providing that in such case the defendant shall give to the plaintiff prompt and reasonable notice in writing of its intention to close out said stock and an opportunity to purchase such stock at the original invoice price; (2) When the trade-mark, brand or name is removed or wholly obliterated from the said commodity, 'Alka-Seltzer', and is not used or directly or in-

directly referred to in the advertisement or sale thereof; (3) When said commodity, 'Alka-Seltzer' is altered, second-hand, damaged or deteriorated and plain notice of the fact is given to the public in the advertisement and sale thereof, such notice to be conspicuously displayed in all advertisements and to be affixed to said commodity; (4) A sale of said commodity by any officer acting under an order of court." From this judgment defendant appeals.

It is contended by appellant that the "Fair Trade Law" conflicts with Section 20 of Art. 17, South Dakota Constitution, and therefore is void. This section of the Constitution is what is known as the anti-trust and anti-monopoly clause of the Constitution and reads as follows

"Monopolies and trusts shall never be allowed in this state and no incorporated company, co-partnership or association of persons in this state shall directly or indirectly combine or make any contract with any incorporated company, foreign or domestic, through their stockholders or the trustees or assigns of such stockholders, or with any co-partnership or association of persons, or in any manner whatever to fix the prices, limit the production or regulate the transportation of any product or commodity so as to prevent competition in such prices, production or transportation or to establish excessive prices therefor.

"The legislature shall pass laws for the enforcement of this section by adequate penalties and in the case of incorporated companies, if necessary for that purpose may, as a penalty, declare a forfeiture of their franchises."

It is appellant's claim that in permitting plaintiff to establish the minimum price at which "Alka-Seltzer" can be sold he is authorized to fix prices and prevent competition in the sale or distribution of "Alka-Seltzer", and thereby acquire a monopoly of such business. It is true that by virtue of plaintiff's registered trade-mark it has the exclusive right to manufacture and to sell the trade-marked product, and it also has the right to fix the price at which it may be sold and in order for anyone to obtain "Alka-Seltzer", he must buy it from plaintiff or one of its distributors, and pay the price fixed by plaintiff. But this is not the kind of a

monopoly that is aimed at by Section 20 of Art. 17 of the Constitution. Walter A. Wood Mowing & Reaping Co. v. Greenwood Hardware Co., 75 S. C. 378, 55 S. E. 973, 9 L.R. A., N.S., 501, 9 Ann. Cas. 902; Grogan v. Chaffee, 156 Cal. 611, 105 P. 745, 746, 27 L.R.A., N.S., 395.

■ A monopoly such as is meant by Section 20 of Art. 17 of our Constitution exists only where all or so nearly all of a product or commodity within a community or district is brought into the hands of one man or set of men, as to practically bring the handling or production of the commodity within such single control, to the exclusion of competition or free traffic therein. Grogan v. Chaffee, supra. To render the protection against monopoly more effective, this constitutional provision prohibits certain combinations and agreements dealing with the production, transportation and price of commodities insofar as they tend substantially to stifle competition. The "Fair Trade Law" does not purport to give the producer the right to stifle competition in a commodity. The right to stabilize the price of a "brand" in the manner described in the act may only be acquired or maintained if the commdoity remains in free and open competition. SDC 54.0402. An act which grants rights conditioned upon the maintenance of free competition does not purport to authorize the making of a "contract * * * or in any manner whatever to fix the prices, * * * of any product or commodity so as to prevent competition * * *." The "Alka-Seltzer" brand of analgesic is admitted by the pleadings to be in free and open competition with other analgesics, such as Aspirin, Bromo Seltzer, and probably many others, and a monopoly is impossible if the provisions of the "Fair Trade Law" are followed.

■■ Appellant further contends that the Act violates the provisions of Sections 2 and 18 of Art. 6 of the Constitution of South Dakota, and the 14th Amendment to the Constitution of the United States. We fail to find any merit in this contention. The weakness of appellant's argument is that it is based on the assumption that appellant has the absolute right to go to plaintiff and purchase "Alka-Seltzer" in any desired quantities at the price fixed by plaintiff and

become the unconditional owner thereof and may resell the same at any price and in any manner it may see fit, and without any regard for a resale price that may have been fixed by plaintiff. The facts furnish no ground for any such assumption. "Alka-Seltzer" is produced by and is owned by plaintiff. Whether plaintiff will sell said product or refuse to sell the same is a matter of concern to no one but itself. If plaintiff chooses to sell or offer to sell said product it has the absolute right to fix the price and name the conditions on which it will sell, and if appellant or any other prospective purchaser is not satisfied with such price or conditions he is under no obligation to buy and is in nowise injured by such price or conditions. A purchaser who purchases plaintiff's product at plaintiff's price and on the conditions named by plaintiff is under obligation to pay such price and perform such conditions; and, under the provisions of SDC 54.0406, plaintiff is entitled to injunctive relief in case of violation of such conditions.

"Fair Trade Laws" have been enacted in forty-four different states. These laws, so far as they have been submitted to the courts of last resort in the states where enacted, have been held to be constitutional. Max Factor & Co. v. Kunsman, 5 Cal.2d 446, 55 P.2d 177; Pyroil Sales Co. v. Pep Boys, etc., 5 Cal.2d 784, 55 P.2d 194, 1186; Seagram-Distillers Corp. v. Old Dearborn Distributing Co., 363 Ill. 610, 2 N. E.2d 940; Joseph Triner Corp. v. McNeil, 363 Ill. 559, 2 N. E.2d 929, 104 A.L.R. 1435; Bourjois Sales Corp. v. Dorfman, 273 N. Y. 167, 7 N. E.2d 30, 110 A.L.R. 1411; Johnson & Johnson v. Weissbard, 121 N.J. Eq. 585, 191 A. 873; Weco Products Co. v. Reed Drug Co., 225 Wis. 474, 274 N. W. 426; Goldsmith v. Mead Johnson & Co., 176 Md. 682, 7 A. 2d 176; Ely Lilly & Co. v. Saunders, 216 N. C. 163, 4 S. E.2d 528, 125 A.L.R. 1308.

The validity of the "Fair Trade Law" has been upheld by the Supreme Court of the United States in the following cases: Old Dearborn Distributing Co. v. Seagram-Distillers Corp., 299 U. S. 183, 57 S. Ct. 139, 81 L. Ed. 109, 106 A.L.R. 1476; Kunsman v. Max Factor & Co., 299 U. S. 198, 57 S. Ct. 147, 81 L. Ed. 122.

■ In the trial court the validity of the "Fair Trade Law" was questioned because of a claimed defect in the title to the Act. Ch. 126, Laws 1937. Since this chapter was enacted, the law has been incorporated into South Dakota Code of 1939, and it has been repeatedly held by this Court that after a statute has been re-enacted as a part of the Code, it is no longer subject to assault because of a claimed defect in the title to the original Act when it was enacted by the legislature. J. P. Schaller Co. v. Canistota Grain Company, 32 S. D. 15, 141 N. W. 993; State ex rel. Kronschnabel v. Issenhuth, 34 S. D. 218, 148 N. W. 9; State v. Horner, 35 S. D. 612, 153 N. W. 766; Murphy Liquor Co. v. Medbery, et al., 35 S. D. 589, 153 N. W. 654; Brady v. Cooper et al., 46 S. D. 419, 193 N. W. 246.

The judgment appealed from is affirmed.

All the Judges concur.