OLIN MATHIESON CHEMICAL CORP., APPELLANT, *v.* THE ONTARIO STORE OF PRICE HILL, OHIO, INC., APPELLEE.

(No. 40137—Decided February 1, 1967.)

*Messrs. Taft, Stettinius & Hollister, Mr. Murray S. Monroe* and *Mr. John M. Bullock,* for appellant.

*Messrs. Fuerst, Fisher & Levy, Mr. Stanley M. Fisher, Mr. David M. Liebenthal* and *Messrs. Cohen, Baron, Todd & Hogan,* for appellee.

BROWN, J. This case concerns the constitutionality of the 1959 Ohio Fair Trade Act (Section 1333.27 *et seq.* Revised Code). It is a typical nonsigner fair-trade case, as were *Union Carbide & Carbon Corp.* v. *Bargain Fair, Inc.* (1958), 167 Ohio St. 182, and *Hudson Distributors, Inc.,* v. *Upjohn Co.* (1963), 174 Ohio St. 487.

In the former case six members of this court held that former Section 1333.07, Revised Code, a part of the Fair Trade Act, constituted an unauthorized exercise of the police power in that there was no substantial relation between the act and the public safety, morals or general welfare. The court found that the nonsigner provisions of that act contravened "the 'due process' provision of the Ohio Bill of Rights by arbitrarily and monopolistically denying a seller, who has not entered into any

price-fixing contract with the manufacturer, the privilege of disposing of his own property on terms of his own choosing, and in addition delegates legislative power and discretion to private persons.''

The latter case concerns the 1959 Ohio Fair Trade Act which, *inter alia*, provides that persons who acquire a commodity after actual notice that the ''proprietor'' has established a minimum resale price shall by the act of acquisition have impliedly agreed not to resell at less than the stipulated minimum retail price. Although a majority of the court (four members) again concluded that the act was unconstitutional, the majority was unable to reverse because of the Ohio constitutional provision (Section 2, Article IV) which prohibits the holding of any law unconstitutional by the Ohio Supreme Court without the concurrence of at least all but one of the judges, except in the affirmance of a judgment of the Court of Appeals declaring a law unconstitutional and void.

Thereafter the Courts of Appeals of this state, passing upon the validity of the 1959 Fair Trade Act, followed the reasoning of the majority of the court as expressed in *Hudson Distributors, Inc.,* v. *Upjohn Co.,* 174 Ohio St. 487, and held the act to be unconstitutional. The case before us is one of these, coming from the Court of Appeals for Hamilton County which determined the act to be unconstitutional.

In the meantime, the United States Supreme Court affirmed *Hudson Distributors, Inc.,* v. *Upjohn Co.* (*Hudson Distributors, Inc.,* v. *Eli Lilly & Co.,* 377 U. S. 386).

The holding of the United States Supreme Court in *Hudson Distributors, Inc.,* v. *Upjohn Co., supra,* reaffirms propositions of law contained in *Old Dearborn Distributing Co.* v. *Seagram-Distillers Corp.* (1936), 299 U. S. 183, and specifically finds that the 1959 Ohio Fair Trade Act is within the terms of Section three of the McGuire Act, Section 45(a)(3), Title 15, U. S. Code, and disposes of the argument that the act violates the federal Constitution.

Justice Goldberg, in *Hudson Distributors, Inc.,* v. *Eli Lilly & Co., supra,* at page 395, states:

''* * * Congress * * * in the McGuire Act has approved state statutes sanctioning resale price maintenance schemes

such as those involved here. Whether it is good policy to permit such laws is a matter for Congress to decide. Where the statutory language and the legislative history clearly indicate the purpose of Congress that purpose must be upheld. * * *."

In *United States Time Corp.* v. *Ann & Hope Factory Outlet, Inc.* (1964), 205 A. 2d 125, 131, commenting upon *Hudson Distributors, Inc.,* v. *Eli Lilly & Co.,* the Rhode Island Supreme Court said:

"It is now settled that neither the federal Constitution nor any congressional enactment prohibits a trademark owner from enforcing, pursuant to a state fair trade act, stipulated minimum resale prices established by written contract as against nonsigners as well as signers."

Contracts which concerned resale price maintenance were not subject to regulation by courts at common law. Prior to the federal antitrust laws owners of trademarks entered unhindered into such contracts. *Hudson Distributors, Inc.,* v. *Upjohn Co., supra; Fowle* v. *Park* (1888), 131 U. S. 88; *Garst* v. *Charles* (1905), 187 Mass. 144, 72 N. E. 839; *Grogan* v. *Chaffee* (1909), 156 Cal. 611, 105 P. 745; *Commonwealth* v. *Grinstead* (1901), 111 Ky. 203, 63 S. W. 427; *Walsh* v. *Dwight* (1899), 40 App. Div. 513, 58 N. Y. Supp. 91. See, generally, 1 Callman, Unfair Competition and Trademarks 2 Ed. 359, Section 22.2. This right was only revoked by the antitrust laws. *Dr. Miles Medical Co.* v. *John D. Park & Sons Co.* (1911), 220 U. S. 373.

Nonsigner fair-trade laws have been held constitutional by many of the most respected state courts. *General Electric Co.* v. *Telco Supply, Inc.* (1958), 84 Ariz. 132, 325 P. 2d 394; *Max Factor & Co.* v. *Kunsman* (1936), 5 Cal. 2d 446, 55 P. 2d 177, and *Pyroil Sales Co., Inc.,* v. *Pep Boys* (1936), 5 Cal. 2d 784, 55 P. 2d 194, affirmed, 299 U. S. 198; *Burroughs Wellcome & Co.* v. *Johnson Wholesale Perfume Co., Inc.* (1942), 128 Conn. 596, 24 A. 2d 841; *General Electric Co.* v. *Klein* (1954), 34 Del. Ch. 491, 106 A. 2d 206; *Home Utilities Co., Inc.,* v. *Revere Copper & Brass, Inc.* (1955), 209 Md. 610, 122 A. 2d 109; *General Electric Co.* v. *Kimball Jewelers, Inc.* (1956), 333 Mass. 665, 132 N. E. 2d 652; *Olin Mathieson Chemical Corp.* v. *Gibson's Pharmacy of Vicksburg, Inc.* (1964), 251 Miss. 294, 169 So. 2d 779;

70

*Corning Glass Works* v. *Max Dichter Co., Inc.* (1960), 102 N. H. 505, 161 A. 2d 569; *Johnson & Johnson* v. *Weissbard* (1937), 121 N. J. Eq. 585, 191 A. 873; *Lionel Corp.* v. *Grayson-Robinson Stores, Inc.* (1954), 15 N. J. 191, 104 A. 2d 304, appeal dismissed, 348 U. S. 859; *General Electric Co.* v. *Masters, Inc.* (1954), 307 N. Y. 229, 120 N. E. 2d 802, appeal dismissed, 348 U. S. 892; *Eli Lilly & Co.* v. *Saunders* (1939), 216 N. C. 163, 4 S. E. 2d 528; *Miles Laboratories, Inc.,* v. *Owl Drug Co.* (1940), 67 S. D. 523, 295 N. W. 292; *McKesson & Robbins, Inc.,* v. *Government Employees Dept. Store, Inc.* (1963), 211 Tenn. 494, 365 S. W. 2d 890; *Weco Products Co.* v. *Reed Drug Co.* (1937), 225 Wis. 474, 274 N. W. 426.

This court is also not concerned with the wisdom of this type of enactment. Whether an act is wise or unwise is a question not for the courts but for the General Assembly. So long as such act does not contravene any constitutional mandate it is the duty of this court to uphold it.

The act under consideration is clearly an expression of the will of the public, inasmuch as it was almost unanimously concurred in by the representatives of the people in both houses of the General Assembly.

For these reasons and for those given in the opinion of Griffith, J., in *Hudson Distributors, Inc.,* v. *Upjohn Co., supra,* a majority of the present court now conclude that Section 1333.-27 *et seq.,* of the Revised Code, are a valid exercise of the police power and that, the provision of Section 1333.32 (A), Revised Code, making it an act of unfair competition and unlawful for any distributor with notice that a proprietor as defined by the act has established a stipulated minimum resale price to sell such commodity for less than the established minimum resale price, is constitutional and valid.

The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

Taft, C. J., Herbert and Johnson, JJ., concur.
Zimmerman, Matthias and O'Neill, JJ., dissent.

Johnson, J., of the Seventh Appellate District, sitting for Schneider, J.