STATE, Respondent v. MATTESON, Appellant

(205 N.W.2d 512)

(File No. 11118. Opinion filed March 21, 1973)

Davenport, Evans, Hurwitz & Smith, Robert C. Heege, Sioux Falls, for defendant and appellant.

**Gordon Mydland,** Atty. Gen., Pierre, **Charles A. Wolsky,** State's Atty. Clay County, Vermillion, for plaintiff and respondent.

HANSON, Justice.

Defendant was convicted of unlawfully and feloniously distributing a controlled drug. The only issue on appeal is whether or not the title to Chapter 229 of the 1970 Session Laws, under which defendant was convicted, is constitutionally adequate.

Chapter 229 originated in the 1970 Session of the Legislature as Senate Bill 192. It contained five sections relating to the following title: "For AN ACT ENTITLED, An Act establishing the office of the commissioner of dangerous substances control within the office of the attorney general of the state of South Dakota to meet the problems of narcotic and drug abuse."

Senate Bill 192 was amended to include Senate Bill 193 which was an act entitled "An Act defining and controlling dangerous substances." As finally enacted Senate Bill 192 substantially retained its original title as follows:

> "*An Act* Entitled, An Act establishing the office of the commissioner of drugs and substances control within the office of the attorney general of the state of South Dakota to meet the problem of narcotics, drugs and substances abuse."

The body of the act retains the original five sections of Senate Bill 192. It also contains sections 6 to 17 which were added when the provisions of Senate Bill 193 were incorporated by amendment. These sections provide for a comprehensive drug control act including penal provisions for violations. It is referred to as the "State Drugs and Substances Control Act". See Section 17, Chapter 229, Laws of 1970.

Defendant contends the title to Chapter 229, Laws of 1970 is fatally defective as it fails to conform to the provisions of Section

21, Article III of our Constitution which requires that "No law shall embrace more than one subject, which shall be expressed in its title".

■ This constitutional provision is mandatory, and not directory, in nature. Its meaning and effect was clearly expressed in the early case of State v. Morgan, 2 S.D. 32, 48 N.W. 314. The purpose of this provision was stated to be:

> "*First*, to prevent 'hodge-podge' or 'log-rolling' legislation; *second*, to prevent surprise or fraud upon the legislature by means of provisions in bills of which the titles gave no intimation, and which might therefore be overlooked, and carelessly and unintentionally adopted; and, *third*, to fairly apprise the people, through such publication of legislative proceedings as is usually made, of the subjects of legislation that are being considered, in order that they may have opportunity of being heard thereon, by petition or otherwise, if they so desire."

The Court further pointed out that:

> "This constitutional requirement is addressed to the subject, not to the details, of the act. That subject must be expressed in the title. The subject must be single; the provisions to accomplish the object involved in that subject may be multifarious. It is not enough that the act embraces but one subject, and that all its parts are germane; but the title must express the subject, and comprehensively enough to include all the provisions in the body of the act. The title need not index all the details of the act. It is sufficient if the language used in the title, on a fair construction, indicates the purpose of the legislature, so that making every reasonable intendment in favor of the act it may be said that the subject of the law is expressed in the title."

When Senate Bill 192 was amended to include the provisions of Senate Bill 193 its title was not correspondingly enlarged to conform to its broadened subject matter. The mandate of Section 21, Article III of our Constitution was thus violated as the

addition of a comprehensive drug control act cannot reasonably be construed to be germane to the subject expressed in the title of the Amended Act. Metropolitan Casualty Ins. Co. v. Basford, 31 S.D. 149, 139 N.W. 795; Lemmon Independent School District No. 1 v. Rowbotham, 48 S.D. 641, 205 N.W. 706.

■ The title to Senate Bill 192 (Chapter 229, Laws of 1970) is restrictive in nature and gives "no intimation" of its actual scope. Its title does not "fairly apprise" that it contains a comprehensive drug control act. It merely advises that a commissioner of drugs and substances control is created, and nothing more. Chapman v. South Dakota Rural Credits Board, 46 S.D. 72, 190 N.W. 884. The phrase in the title "to meet the problem of narcotics, drugs and substances abuse" relates back to and modifies the establishment of an office of commissioner of drugs and substances control. It does not enlarge the subject of the act.

■ Chapter 14, S.L.1972 updated the South Dakota Compiled Laws of 1967 by incorporating laws subsequent to 1967 into the Code of this state. Chapter 229, Laws of 1970 is now codified as SDCL 39-17-44 to 39-17-155 inclusive. After a statute has been reenacted as part of the Code, "it is no longer subject to assault because of a claimed defect in the title to the original Act when it was enacted by the legislature," Miles Laboratories, Inc. v. Owl Drug Company, 67 S.D. 523, 295 N.W. 292. Therefore, after Chapter 229, Laws of 1970 became part of our Code its defective title could not be challenged for any criminal offense committed on or after July 1, 1972. However, its invalidity could be asserted for an offense committed between July 1, 1970 and July 1, 1972. As the present offense was committed during the defective title period we are compelled to reverse the judgment of conviction appealed from.

Reversed.

BIEGELMEIER, C. J., and WINANS and DOYLE, JJ., concur.

WOLLMAN, J., dissents.

WOLLMAN, Justice (dissenting).

If it were our function to conduct courses in legislative draftsmanship, then I might very well agree that the title to Chapter 229, Laws of 1970, is not that model of clarity and comprehensiveness one might desire. Because we deal with the real rather than with the hypothetical, however, we should recognize and make allowances for the exigent circumstances attendant upon the enactment of Chapter 229.

On January 23, 1970, this court held invalid a substantial portion of the then existing drug abuse control act, SDCL 39-17-21(4) (c), in the case of State v. Johnson, 84 S.D. 556, 173 N.W.2d 894. This was during the 30-day legislative session. South Dakota Constitution, Article III, Section 6. It is apparent that the members of the legislature did not have the opportunity for contemplative thought regarding the niceties of drafting the title to Chapter 229. They were faced with the need to enact a comprehensive drug act to meet the growing problem of drug abuse and they took such action as they thought was necessary to meet their responsibilities in this area.

Section 21, Article III must be interpreted and applied in accordance with the role of liberal construction announced in State v. Morgan, 2 S.D. 32, 48 N.W. 314, where the court wrote:

> "* * * It is sufficient if the language used in the title, on a fair construction, indicates the purpose of the legis- lature, so that making every reasonable intendment in favor of the act it may be said that the subject of the law is expressed in the title." 48 N.W. 314, 317.

To hold that the title to Chapter 229 is restrictive in nature, that it gives no intimation of its actual scope, and that it does not fairly apprise that it contains a comprehensive drug control act is to engage in strict construction with a vengeance.

It seems to me to be beyond question but that the title to Chapter 229 is valid under the reasoning of Garrey v. Schnider, 78 S.D. 596, 105 N.W.2d 860. The matter of public concern in

the instant case was the problem of drug abuse. The language of the title to Chapter 229 clearly states the subject of the act—the establishment of the office of drugs and substances control to meet the problem of narcotics drugs and substances abuse—encompasses the subject of public concern which was the subject of the act, and places interested persons on inquiry as the regulations appearing in the body of the act. See also State v. Shearer, 86 S.D. 711, 201 N.W.2d 180.

I would affirm the trial court's order overruling defendant's demurrer.