**SOUTH DAKOTA ASSOCIATION OF TOBACCO AND CANDY DISTRIBUTORS and Tri-State Tobacco and Candy Company, a South Dakota Corporation, Plaintiffs and Respondents**

v.

**STATE of South Dakota, acting By and Through its DEPARTMENT OF REVENUE, Honorable Oren P. Coler as Secretary of the Department of Revenue, Honorable William J. Janklow, as Attorney General of the State of South Dakota, Defendants and Appellants.**

No. 12581.

Supreme Court of South Dakota.

Argued April 19, 1979.

Decided June 21, 1979.

---

John P. Dewell, Asst. Atty. Gen., Pierre, for defendants and appellants; William J. Janklow, Atty. Gen., Pierre, on the brief.

Gary F. Colwill of Schmidt, Schroyer & Colwill, Pierre, for plaintiffs and respondents.

MORGAN, Justice.

■ This is an appeal from a declaratory judgment of the Circuit Court for the Sixth Judicial Circuit, Hughes County, which declared Section 253 of Chapter 190 of the 1977 South Dakota Session Laws to be unconstitutional in that said section is a violation of Article III, § 21 of the South Dakota Constitution,[1] and from the ensuing judgment for mandamus and peremptory writ of mandamus. We affirm.

During the 1976 and 1977 sessions of the South Dakota Legislature, that body revised this state's statutory scheme in the area of crimes and criminal procedure. One of the major changes was the establishment of eight separate classifications of crimes— six classes of felonies and two classes of misdemeanors, with a specified punishment for each class.[2] The legislature then sought to locate all acts denominated crimes anywhere in the statutes and classify them into one of the eight classes. That was the purpose of House Bill No. 510, later to become Chapter 190 of the 1977 Session Laws, an extensive bill exceeding 600 sections and 200 pages. The bill was entitled "An Act to classify the crimes and petty offenses in titles 33 through 42 of the South Dakota Codified Laws" (Classification Act). Included within the Classification Act was a provision[3] for the repeal of SDCL 37–10, the Unfair Cigarette Sales Act. The Unfair Cigarette Sales Act, which was designed to prevent unfair competition and unfair trade practices in the sale of cigarettes, provided that it was a violation of that Act for anyone to sell cigarettes at less than wholesale price. In addition to making such violation a misdemeanor, it provided that any contract made in violation of its provisions was illegal and void (SDCL 37–10–25); that the secretary of revenue was empowered to revoke or suspend the license of anyone who operated in violation of its provisions and that such revocation was specifically to be in addition to the criminal penalties (SDCL 37–10–29); that an action could be maintained in any court of equitable jurisdiction to prevent, restrain or enjoin a violation or threatened violation of its provisions (SDCL 37–10–36); and, further, that if no injunctive relief was sought or required, a person injured by a violation could maintain an action for damages and costs (SDCL 37–10–38).

Respondent brought suit against the State of South Dakota seeking a declaratory judgment that the inclusion of the repeal of SDCL 37–10 in Chapter 190 of the 1977 Session Laws was unconstitutional. The circuit court agreed with respondent's claim finding:

> That Section 253 of Chapter 190 of the 1977 session laws was unconstitutionally enacted by the legislature of the State of South Dakota in that its title violated the provisions of Section 21, Article III of the South Dakota Constitution.

The court then entered a judgment for mandamus and peremptory writ of mandamus ordering appellant to commence enforcement of the provisions of the chapter.

■ We begin our consideration of this matter by reiterating the well-known principles of review by which this court is bound in considering the constitutionality of an act of the legislature. Any legislative

---

1. Article III, § 21 of the South Dakota Constitution reads as follows: "No law shall embrace more than one subject which shall be expressed in its title."

2. 1976 S.D.Sess.L. ch. 158.

3. Section 253.

act is accorded a presumption in favor of constitutionality and that presumption is not overcome until the unconstitutionality of the act is clearly and unmistakably shown and there is no reasonable doubt that it violates fundamental constitutional principles. *Frawley Ranches, Inc. v. Lasher*, 270 N.W.2d 366 (S.D.1978); *State v. Reininger*, 59 S.D. 336, 239 N.W. 849 (1931); *State v. Morgan*, 2 S.D. 32, 48 N.W. 314 (1891).

■ The provision of the South Dakota Constitution which is claimed to have been violated here is Article III, § 21,[4] the purpose of which, as discussed at length in *State v. Morgan*, supra, is essentially threefold: (1) To prevent the combining into one bill of several diverse measures which have no common basis except, perhaps, their separate inability to receive a favorable vote on their own merits; (2) to prevent the unintentional and unknowing passage of provisions inserted in a bill of which the title gives no intimation; and (3) to fairly apprise the public of matters which are contained in the various bills and to prevent fraud or deception of the public as to matters being considered by the legislature. *State v. Morgan*, supra.

■ The constitutional provision has two mandates.[5] First, that no law shall embrace more than one subject, and second, that the subject shall be expressed in the title. The "subject" of an act is the "public or private concern for which the law is enacted" and all provisions of the act must "relate directly to the same subject, have a natural connection, and not be foreign to the subject as stated in the title." *State v. Morgan*, supra. Sound policy and legislative convenience, however, dictate a liberal construction of title and subject matter. *State v. Morgan*, supra.

Appellant contends that Section 253 does not exceed the "single subject" requirement of our constitution. Appellant argues that the subject and purpose of the Classifica-

tion Act was reclassification of crimes and that, in effect, all that the repealer in Section 253 did was declassify the crimes in SDCL 37–10 to the status of no longer being a crime. Appellant argues that such declassification by eliminating a criminal penalty is fully within the subject of the Act and that rather than eliminate the penalty and leave the crime "on the books," the repeal of SDCL 37–10 was a more logical and appropriate method of accomplishing the same end. Appellant's argument is erroneous in that it assumes that eliminating the criminal penalty for a violation of SDCL 37–10 renders that chapter nugatory.

As stated earlier SDCL 37–10, in addition to imposing criminal sanctions for violations of the chapter, contains numerous provisions authorizing and imposing civil sanctions for such violations. The criminal sanctions are only a portion of the penalties authorized by the chapter and their elimination certainly does not render the other sanctions and procedures a nullity. Therefore, Section 253 not only declassified the crimes in SDCL 37–10, it repealed a previous legislature's determination that the sale of cigarettes at less than wholesale price was unlawful, that contracts made in violation of such law are void, that licensing penalties may be imposed for violations of such law, and that other equitable and monetary remedies may be sought. Such a repeal certainly is not included within the subject of classification of crimes. It may be true that the legislature desired to repeal this chapter, but our constitution mandates that it cannot do so in the manner it did. The evils delineated earlier which the constitution seeks to avoid may or may not have been present in this case. That, however, is not for this court to decide, nor is the advisability of the repeal. Our only determination is whether the legislative action complained of violates our state constitution. We hold that it does.

---

4. See note 1.

5. That this provision is mandatory, and not directory, is well settled. *State v. Matteson*, 87

S.D. 216, 205 N.W.2d 512 (1973); *State v. Morgan*, 2 S.D. 32, 48 N.W. 314 (1891).

The question then arises whether the entire Classification Act need be declared void or whether the unconstitutional portion may merely be extracted and the remainder be left intact. We are convinced that the latter is the proper course. As we stated in *State v. Becker*, 3 S.D. 29, 37, 51 N.W. 1018, 1022 (1892):

> The effect of an unconstitutional provision in a law was very thoroughly discussed in *State v. Morgan*, supra. The rule is that if, when the unconstitutional portion is stricken out, that which remains is complete, and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which was rejected, it must be sustained.

Therefore, we affirm the judgment of the circuit court declaring that Section 253 of Chapter 190 of the 1977 Session Laws is unconstitutional and that the provision of that section is void and of no effect. The judgment for mandamus and the peremptory writ of mandamus additionally appealed from are sustained.

All the Justices concur.