CDM ASSOCIATES, APPELLANT, *v.* CORONADO WOODS ASSOCIATION, INC., APPELLEE.

(No. 82AP-394—Decided October 21, 1982.)

Messrs. *White, Rankin, Henry, Morse & Mann* and *Mr. Richard W. Stuhr,* for appellant.

Messrs. *Crabbe, Brown, Jones, Potts & Schmidt, Mr. Ira Kane* and *Mr. Keith H. Jung,* for appellee.

STRAUSBAUGH, J. This is an appeal from a judgment by the Court of Common Pleas of Franklin County, holding that an agreement between appellant, CDM Associates, and appellee, Coronado Woods Association, Inc., entered into in August 1978, was invalid pursuant to R.C. 5311.04(C), since the agreement was not accomplished with the unanimous consent of all unit owners affected. Unless otherwise indicated, reference to R.C. Chapter 5311 refers to the same as it existed prior to October 1, 1978, as all relevant events occurred prior to said date.

The parties to this case are CDM Associates, a developer and owner of certain property adjacent to a condominium complex known as Coronado Woods. Coronado Woods Association is a duly organized association of condominium unit owners, which is managed by a board of trustees.

In August 1978, an agreement was entered into between the parties, which granted to CDM the right to expand and annex to the association forty-eight additional units which CDM then planned to develop. Subsequently, CDM purchased real estate and entered into a contract for the sale of the land with Davidson-Phillips, Inc., whereby CDM agreed to sell both the land and the rights contained within the agreement with the association's board of trustees.

The association then claimed that the August 1978 agreement was invalid since the result of annexing an additional forty-eight condominium units would alter the percentage ownership interests of each unit owner in the condominium complex without securing the unanimous approval of unit owners as required by R.C. 5311.04(C) and by the express terms of the condominium owner's Enabling Declaration.

CDM instituted this action and sought both damages and injunctive relief. The damage action was later dismissed by CDM with prejudice. The injunctive claim related solely to whether the association

should be enjoined from refusing to effectuate the terms of the 1978 agreement. The trial court denied the claim for an injunction and held the agreement violated both R.C. 5311.04(C) and the Enabling Declaration of the condominium association.

A timely notice of appeal was filed wherein the following single assignment of error was raised:

"I. The trial court erroneously concluded that the agreement entered into between appellant and appellee regarding the annexation of additional property is invalid because the same fails to comply with the enabling declaration and the requirement of unanimity contained in Section 5311.04(C) of the Revised Code of Ohio."

R.C. Chapter 5311 was originally enacted effective August 19, 1963, and has been amended on December 16, 1964, October 1, 1978, and January 16, 1980. R.C. 5311.04(C), as it existed on the date of the Enabling Declaration and accompanying Declaration of Covenants, provided in pertinent part:

"The percentage of interest in the common areas and facilities of each unit as expressed in the declaration *shall not be altered except by an amendment to the declaration unanimously approved by all unit owners affected. * * *"* (Emphasis added.)

R.C. Chapter 5311, as originally enacted, contained no provision relative to the annexation of additional properties to an existing condominium unit project, nor did it otherwise refer to the possible expansion of such a project. The effect of the requirement set forth in R.C. 5311.04 (C) was that, while a developer or a condominium unit association itself could expand an existing condominium project by adding land and constructing additional units, this expansion *required* the filing of an amendment to the original declaration reallocating percentage interests which had to be unanimously approved by all unit owners affected. The Enabling

Declaration of Coronado Woods expressly recognized this requirement in Section 2B, Article VI of the Enabling Declaration:

"* * * The percentage of interest of each Unit and its owner or owners shall not be changed except by amendment to this Declaration unanimously approved by all Units' [*sic*] owners affected."

However, the Enabling Declaration, as well as the Declaration of Covenants, contains language evidencing the intention of the declarant, *i.e.,* the original developer of Coronado Woods Condominium project, to reserve unto itself, or its successors and assigns, the right to expand the project through the annexation of additional land and the construction of additional units. Article II of the Declaration of Covenants provides that the declarant shall have the right to annex or expand the condominium property at its sole discretion without the consent of the trustees of the condominium unit owners association or its members if the same is accomplished on or before December 31, 1978. However, after this date the project can be expanded through annexation only upon the affirmative vote of a majority of the board of trustees of the condominium unit owners association.

R.C. 5311.04(C) clearly protects the individual unit owner who does not give his consent to a proposed expansion. The plaintiff claims that the statute must be construed to prohibit alteration of the percentage of interest in the common area of each unit owner except in those instances where additional lands are annexed for future expansion. The wisdom of an act is not a question for this court. *Olin Mathieson Chemical Corp.* v. *Ontario Store* (1967), 9 Ohio St. 2d 67, 70 [38 O.O.2d 163]. Furthermore, this court must give effect to statutory language which is clear and unambiguous. *Bernardini* v. *Bd. of Edn.* (1979), 58 Ohio St. 2d 1, 4 [12 O.O.3d 1]; *Crowl* v. *DeLuca* (1972), 29 Ohio St. 2d 53, at 58-59 [58 O.O.2d 107]. Insofar as provisions of the

50

Declaration of Covenants purport to grant the board of trustees the authority to permit annexation of additional properties without the unanimous consent of all unit owners, they are in direct conflict with R.C. 5311.04(C) and are invalid. Furthermore, the action of the board of trustees in entering into an agreement with CDM Associates whereby they purport to grant a right to annex additional properties to the existing condominium project is invalid and of no force or effect. Plaintiff's single assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

NORRIS and COOK, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.